DOE, &c.
vs
PERKINS.

Is the promise of
the father to pay
money to the son
upon the ground
of relation-
ship, enforcible
at law where the
want of consid-
eration is relied
upon?—QUERE.

---

TRESPASS.

*Case* 51.

## Doe, for Trustees of Augusta *vs* Perkins.

ERROR TO THE BRACKEN CIRCUIT.

*Mesne profits.   Costs.*

January 15.

Case stated.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

THIS action of trespass was brought for the recovery of mesne profits, &c. during the occupancy by Perkins, of the public square and buildings thereon in the town of Augusta, which he had purchased at a sale made by the County Court of Bracken, under the authority of an act of 1837, consequent upon the removal of the Seat of Justice for the county, and which the trustees of the town had recovered from him in an action of ejectment, the facts and principles of which are stated in the case of *The Trustees of Augusta vs Perkins*, (3 *B. Monroe*, 437.) The jury having found a verdict of $335 damages for the plaintiff, and the motion of the plaintiff for a new trial having been overruled, the case is brought to this Court for reversal, on the ground that the Court erred in refusing and qualifying instructions

DOE, &c.,
*vs*
PERKINS.

asked for by the plaintiff, and in overruling the motion for a new trial.

The only instruction upon which any question is made, relates to the recovery of fees to attorneys or counsel employed by the trustees in the action of ejectment.

Upon the testimony of one of those attorneys, to the effect that he thought $100 each to the two attorneys was reasonable, that he had charged more, but that there was no contract as to the amount of the fees; that one of the trustees had told him some time before, that they were making arrangements to pay him $50, (part of his fee,) but they had sent him only $25; and upon the further evidence that Perkins had paid the taxed costs in the action of ejectment incurred by the plaintiff in both Courts, and including $10 for attorneys fees, the Court was asked to instruct the jury that the plaintiff had a right to recover his costs, &c., including a reasonable attorney's fee in both Courts, to be credited by the costs actually paid by the defendant. The Court refused this instruction, and gave one, limiting the recovery on account of attorney's fees to the $25, proved to have been paid by the defendant as part of the taxed costs.

The question upon these instructions has been argued with reference to the distinction to be found in the English books, between the extent and recovery allowed for costs before and after they have been taxed, from which it may be inferred that the taxation of the costs is a final liquidation of them as between the parties to the suit, so far at least that the party whose costs have been taxed, cannot recover in the subsequent action, more than the amount of the taxed costs in the action of ejectment. But if this be the rule in England, it would not, in our opinion, apply to the taxation of costs as made in this State, by the clerk, according to a fixed rule prescribed by law. If it did, it would exclude a recovery beyond the strict charges for legal costs. And as it was in fact disregarded by the Circuit Court in authorizing the $25 paid to the attorney to be taken into the estimate of damages, the plaintiff would gain nothing by a decision

The rule in respect to the costs which are taxable in ejectment in England and in Kentucky is not the same. In Kentucky there may be a recovery beyond the legal costs taxed in ejectment in a suit for mesne profits.

here that the taxed costs did not form the measure of recovery. For, although we are inclined to the opinion that there may be a recovery beyond the taxed costs, the question still remains, by what criterion is the extent of the recovery to be determined, and did the Circuit Court improperly restrict it by the instructions given?

The principle from which the rule on this subject is to be extracted, is in our opinion this: that the plaintiff in this action is entitled to be reimbursed in such amount as he has in good faith been compelled to pay in obtaining by legal means, the restoration of the property which the defendant has wrongfully taken or withheld from him. In an action of trespass for taking a horse, the plaintiff may recover whatever sum the wrong doer has exacted from him as the price of a re-delivery. On the same principle, he should recover in the action for mesne profits, whatever, by the act of the wrong doer, he has been compelled to pay in order to obtain a restoration of his property, this being a part of the damages actually sustained, and necessarily consequent upon the wrong done by the defendant. The amount recoverable under this head, cannot exceed what he has actually paid, or is in good faith actually bound to pay, for obtaining restitution. But as he cannot have been compelled to pay more than the reasonable fees and charges for the services of others necessary for obtaining legal redress, he may not be entitled to recover the full amount which he has bound himself to pay for such services. And on the other hand, as he may have obtained the services for less than their actual or reasonable value, he may not always be entitled to recover to the full amount of that value. The recovery under this head may thus be limited below the amount which the plaintiff has actually paid, or bound himself to pay, on the ground that that amount is more than the reasonable value of the services necessary in his suit for restitution of his right. But it cannot be carried beyond that amount, on the ground that the necessary services were reasonably worth more.

The plaintiff in an action for mesne profits after a recovery in ejectment, is entitled to be reimbursed in such amount as he has in good faith been compelled to pay in obtaining by legal means, the restoration of the property which the defendant has wrongfully taken or withheld from him.

Then the criterion in this case is not what would have been reasonable, if the plaintiff had paid, or undertaken to pay so much, but what the plaintiff had paid or had undertaken and was bound to pay, if that sum was not unreasonable. And the question is, whether upon the evidence in this case, it should have been left to the jury to infer that the plaintiff had paid, or had assumed and was bound to pay a reasonable fee to his attorneys, or whether the Court had a right to assume that the amount actually paid was all that he had undertaken and was bound to pay. We cannot admit that the ground of recovery in this case, for attorney's fees, is the same as it would be in an action by the attorney to recover the value of his services upon a *quantum meruit*, and much less that the opinion of the attorney himself, which would be no evidence in his own action, should be deemed sufficient to establish the criterion of value and recovery in this. It was incumbent on the plaintiff, if he went for the recovery of more than he had actually paid as costs, to show clearly and distinctly what he was bound to pay. If this were not required, he might recover as attorney's fees, more than could be recovered from him by his attorney, or more than he would ever pay, or he might recover as damages in this action, a fee, the amount and payment of which was wholly dependent upon this recovery. We think he should furnish a more certain criterion, and that when he demands more than the legal costs in the former action, he can demand it only on the ground of actual payment, or of an actual contract to pay, and not upon the ground of a conjectural obligation, which may not in fact exist; nor of the conjectural value of services which may have been differently estimated by the parties, or may have been wholly or in part gratuitous. His failure to produce the evidence of a contract, authorizes the rejection of all claim for fees, further than he has actually paid them.

We are of opinion, therefore, that there was no error in refusing to instruct the jury that they might allow a reasonable attorney's fee in estimating the damages, nor in limiting the recovery on this account to the amount

actually paid by the plaintiff and not repaid by the defendant.

The instructions upon other points are not complained of, and are substantially corrrect. And as the amount of damages for occupation and waste, though not as high as the evidence on the part of the plaintiff would have authorized, is sustained by the evidence of the defendant, and as there was certainly no abuse of discretion in estimating the damages in this case according to the lowest standard, we are of opinion that there was no error in overruling the motion for a new trial.

Wherefore, the judgment is affirmed.

*Hord* for plaintiff; *J. & W. L. Harlan* for defendant.

---

CHANCERY.

The provisions of John Arnold's will.