JANE HARDIN'S EXR. *v.* J. S. LITSEY'S EXR.

**Attachment—Suit on Bond—Criterion of Damages as to Attorney's Fee.**
The rule is that if the plaintiff has paid or contracted to pay a specified sum he can recover so much thereof as would be a reasonable compensation to his attorney.for defending the attachment, and not the original suit, limiting this to compensation to one attorney only.

APPEAL FROM WASHINGTON CIRCUIT COURT.

February 20, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Mrs. Hardin intending to remove from Kentucky to Illinois to reside with her son, appellee sued out an attachment against her of several asserted claims which was levied on three negro slaves, but for which she gave the ordinary forthcoming bond written some few hours afterwards. She denied that she owed the claims and put up other defenses, confessed she was about removing to Illinois, denied she had or was about to sell any of the negroes, but said she had contracted to hire them out, that whether she would at all sell them depended on the price and the character of the proposed purchaser, whether he would make a good master, and denied that she was about to remove her property with the fraudulent design of defeating her creditors, insisting that she had none. On the final hearing the court dismissed the suit and discharged the attachment. She having died this suit was brought by her executor on the attachment bond for a recovery of damages.

1. For the destruction of the value of slave property by reason of the late war and amendment to the United States Constitution abolishing slavery, because said attachment prevented her selling them.

2. For reasonable counsel fees, alleged to be $300.

3. For the expense and labor of the testatrix and himself as her executor in defending the attachment $100.

Averring that he had paid the attorneys part of their fees and the remainder was still due and he was liable therefor.

The jury found three hundred dollars damages, and he asks a reversal. The condition of the attachment bond is to pay the damages sustained *"by reason of the attachment"* and not the damages incident to bringing the original suit; attachment is only a provisional and auxiliary remedy, therefore, the securities are only required to idemnify against the damages growing from it as has recently been decided by this court in *Johnson vs. Farmers' Bank, 4 Bush,* reviewing the former decisions.

At the time of suing out the attachment she denied intending to sell the slaves, therefore her executor cannot be heard to say she would have sold but for this. If she was about to sell and remove with the proceeds from the State this was a cause of attachment, no matter how pure her intention, unless she was leaving a sufficiency to pay all her debts. The court properly refused to let the witness Peters answer the question propounded to him. The plaintiff offered to prove by C. L. Hill the employment of the counsel by Mrs. Hardin and what would be a reasonable fee therefor in defending the attachment, which the court also properly refused.

In *Shultz vs. Morrison, etc., 2 Met., 100,* this court adopted as the rule and criterion of damages on attachment bonds, as to attorneys' fees, the rule applied in *Doe, etc., vs. Perkins, 8 B. Mon., 198,* for the recovery in an action for *mesne profits,* which was the amount paid and which he was bound to pay by *"actual contract,"* and not the amount which might be allowed "on conjectural obligation;" nor of the conjectural value of services which may have been differently estimated by the parties, and that "his failure to produce the evidence of a contract," authorized the rejection of all claim for fees, further than he has actually paid.

The plaintiff did not prove nor offer to prove payment of any sum to the attorney, had he done so it would have been erroneous to reject it, or had he offered to prove an agreed price this would also have been competent, subject, however, to reduction to a reasonable amount. The meaning and import and legal effect of the rule as deduced from these two cases is that the plaintiff has paid or contracted to pay a specified sum he can recover so much thereof as would be a reasonable compensation to his attorney for defending said attachment, limiting this to compensation for one attorney only.

There was no question made as to the expenses and labor of the

testatrix or her executor in defending the attachment, indeed after the answer was put in, the attachment seems to have been lost sight of and the whole defense was as to the cause of action and not the cause of attachment.

There was no exception as to the instruction given and none appears as to refusal to instruct.

There is a serious question made as to the right of appellant to file grounds and move for a new trial on the fourth day from the rendition of the judgment because the court adjourned at 2 o'clock p. m. of the third day, whereby appellant was prevented from filing said grounds and motion on that day, but as we see no cause for reversal on the merits we leave this question open.

Wherefore, the judgment is *affirmed.*

*Kavanaugh, McIlooy and Hays,* for appellant.

*Browne,* for appellee.