*Pearl & Ewell, for appellants. L. A. Byron, for appellee.*

---

GABRIEL HANNAH v. H. I. McALLISTER.

**Quieting Title—Recovery of Mesne Profits.**

When one recovers real estate in a suit to quiet title, he may then bring and maintain an action to recover mesne profits of the land during its occupancy, and may recover whatever sum he has actually paid out or is bound to pay out for obtaining restitution of his land, provided the amount paid or contracted to be paid was reasonable for the services performed.

APPEAL FROM GREENUP CIRCUIT COURT.

June 4, 1878.

OPINION BY JUDGE ELLIOTT:

In 1868 appellee filed his petition in equity, the object of which was to fix the correct division line between his and appellant's land. He charged that the line to which appellant claimed was not his true boundary, and asked the court to fix the true boundary and to quiet his title up to the true boundary.

The defendant, by his answer, insisted that the boundary claimed

by him was the true boundary, and having alleged that the appellee had forcibly entered on his land and was forcibly holding it without right, he made his answer a cross-action against the appellant and asked that he be ejected from the lands so wrongfully in his possession, and that appellant be placed in possession. On final hearing the court adjudged that appellee was in possession of about twenty acres of appellant's land, which it adjudged should be restored to him with his costs.

Having in that suit recovered the land the appellant brought this suit for mesne profits of the land during its occupancy by appellee. In this action he alleged that he had paid out large sums to lawyers for their services in the prosecution of his cross-action for the recovery of his land, and had paid out and expended large sums in the prosecution of his suit.

It is a familiar principle of the common law often recognized by this court that in a suit for mesne profits the plaintiff is entitled to recover whatever sum he has actually paid out or is by contract bound to pay for obtaining restitution of his land, and in the case of *Doe v. Perkins,* 8 B. Mon. 198, this court states the principle to be that "The plaintiff in this action is entitled to be reimbursed in such an amount as he has in good faith been compelled to pay in obtaining by legal means, the restoration of the property which the defendant has wrongfully taken or withheld from him. * * * He should recover in the action for mesne profits, whatever, by the act of the wrongdoer, he has been compelled to pay in order to obtain a restoration of his property, this being a part of the damages actually sustained, and necessarily consequent upon the wrong done by the defendant. The amount recoverable under this head, cannot exceed what he has actually paid, or is in good faith actually bound to pay, for obtaining restitution. * * * When he demands more than the legal costs in the former action, he can demand it only on the ground of actual payment, or of an actual contract to pay, and not upon the ground of a conjectural obligation, which may not in fact exist."

We do not regard it material whether the plaintiff in the action for mesne profits has recovered the land in a court of law or equity. It is enough if he has been compelled, by legal coercive measures, to eject the defendant and wrong-doer from the premises.

In the suit on appellant's cross-action for his land he made similar allegations to those necessary in an action of ejection, and in this action for mesne profits he is entitled to the sums of money paid by

him, or which he contracted to pay to his attorneys for the prosecu-
tion of his cross-action for the recovery of the land, provided the
amount paid or contracted to be paid was reasonable for the services
performed.

The defendant could have recovered the value of the use of his
land, and also the land in his cross-action when sued by the appellee,
but he did not do it, and therefore he clearly has a right to bring
his action against the wrong-doer for the unlawful use and occupa-
tion of his land. Nor is he bound to show that the use and occupa-
tion was within five years of the commencement of the plaintiff's
action, because the statute of limitation is a defense to the action and
must be pleaded and relied on to be available.

We are therefore of opinion that the demurrer to the appellant's
petition should have been overruled, and especially so after his
amended petition had been filed.

Wherefore the judgment is *reversed* and cause remanded for
further proceedings consistent with this opinion.

*Bennett & Raison, for appellant. E. F. Dulin, for appellee.*