## STATE *v.* KINNE.

At common law there were no costs.

All the costs that are allowed to any party, in any case, either civil or criminal, are given by statute both in England and in this country.

As in England the king is not bound by any statute, unless he be expressly named to be so bound, so here the State is not bound by the general provisions of a statute by which any of its prerogatives, rights, titles, or interests would be devested, unless the statute be made by express words to extend to and include the State in its provisions.

Therefore, by the provisions of our statute which enacts that "costs shall follow the event of every action or petition, unless otherwise directed by law or by the court," no costs can be recovered against the State by a party prevailing against it in any civil cause.

*Scire facias* upon a recognizance entered into in a criminal proceeding, is a civil suit, and partakes in no respect of the nature of a criminal proceeding, and the respondents who prevail against the State upon such *scire facias,* are not entitled to costs.

SCIRE FACIAS upon a recognizance. The defendants, at a previous term of this court, moved that the *scire facias* be dismissed for want of jurisdiction; the question upon which motion being transferred to the law term of said court, it was ordered that the *scire facias* be dismissed; and now the defendants move that their costs be allowed them against the State.

The court ruled that the motion should prevail, and that costs should be allowed the defendants; to which the solicitor excepted; and the questions of law arising upon the case were reserved, and assigned to the law term.

*Rand,* solicitor, for the State.

*Woods & Binghams,* for the defendants.

SARGENT, J. Our statute provides that if, upon any complaint or prosecution before any court or justice, the defendant shall be ordered to pay a fine, enter into a

recognizance, or suffer any penalty, he shall be ordered to pay costs of prosecution, or such part thereof as justice may require. Rev. Stat., ch. 211, sec. 14; Comp. Laws 540.

While by this statute provision is made for the taxing of costs in all criminal cases where the respondent is convicted, whether of a felony or a misdemeanor, we find that the common law rule still prevails in-all cases where the respondent is acquitted, and he can tax and is allowed no costs against any body; for there is no provision of any statute which authorizes any respondent to claim a judgment for costs against the State, or the county, or any town, or the prosecutor, in any case of a criminal character. *State* v. *Stevens*, 31 N. H. 108. But in civil actions our statute has provided a different rule, as follows : " Costs shall follow the event of every action or petition, unless otherwise directed by law or by the court." Rev. Stat., ch. 191, sec. 1; Comp. Laws 492. And it has been settled that *scire facias* on a recognizance, like debt, is a civil action, and partakes in no respect of the character of a criminal proceeding. *State* v. *Chesley*, 4 N. H. 366; *Commonwealth* v. *Green*, 12 Mass. 1; *Commonwealth* v. *McNiel*, 19 Pick. 138; *State* v. *Harlow*, 26 Me. 74; *Commonwealth* v. *Stebbins*, 4 Gray 25; *State* v. *Kinne*, 39 N. H. 129. So that the provisions of our statute are broad enough to include this case as one where costs should follow the event of the suit, if the statute is to be applied according to its literal terms, without any qualification. But we find that it is a principle of the common law as old as the law itself, that " the king is not bound by any statute, if he be not expressly named to be so bound." Broom Leg. Max. 51. "*Roy n'est lie per ascun statute, si il ne soit expressement nosme.*" It is said to be inferred, *primâ facie*, that the law made by the crown, with the assent of the Lords and Commons, is made for subjects and not for the crown; but this rule seems to apply only where the property or peculiar privileges of the crown are affected, and this distinction is laid

down, that where. the king has any prerogative, estate, right, title, or interest, he shall not be barred o'f them by the general words of an act, if he be not named therein. The rule which is thus applied. to the crown is applicable to the State, or other supreme power and function of legal authority.

Now, at common law there were no costs. Bac. Abr., Costs, A & E, 3. This was true of civil as well as of criminal cases. All the costs that are now allowed to either party, or to any party, are given by some statute, as well in England as in this country. "Where a statute is general, and thereby any prerogative, right, title or interest is devested or taken from the king, in such case the king shall not be bound, unless the statute is made by express words to extend to him." Bac. Abr., Prerogative, E 5; *Rex* v. *Bodenham*, 1 Cowp. 78; *Rex* v. *Allen*, 15 East 333. "The general.rule is that the crown, unless named, is not bound by a statute;" and this rule was held applicable to a general law taking away *certiorari;* and it was further held that the rule is not limited to cases where the crown has an actual interest, but extends to all prosecutions in the name of the king. *King* v. *Boultbee,* 4 Ad. & El. 498; see also *King* v. *Wright*, 1 Ad. & El. 434, and numerous cases cited.

With us, the State stands in the place of the crown; it is the crown. The people are sovereign; the State is the embodiment of the people, hence the very embodiment of sovereignty; and the rule has generally, we think, been applied in the same way in the United States as in England. A general law like ours, that costs shall follow the result of the suit in civil causes, we presume has not been construed as applying to cases where the State was one party and the other one was successful; and hence we find that in many States laws have been passed expressly providing that in certain cases, either civil or criminal, or both, the party prevailing against the State shall recover costs; and provision has also been made as to the manner of such

recovery. In *Commonwealth* v. *Stebbins*, 4 Gray 25, the action was *scire facias* upon a recognizance given upon a criminal complaint; and it was held that the defendant, who had been successful in the suit, was entitled to costs against the State, upon the ground, first, that this was a civil proceeding; and second, that they had a statute which made special provision for such cases, which provision was as follows : "In all civil suits and proceedings, duly instituted and brought by or in the name of the commonwealth, and not brought upon the relation, or in behalf, or for the use of any private person, the commonwealth shall be liable for costs in like manner and to the same extent as any citizen would be, if the suit or proceeding had been instituted by him." Under that provision costs were properly taxed and allowed against the State, but it is not intimated or claimed by counsel that such costs could be allowed upon any other ground than the express provisions of the statute, made to meet such a case. Such a statute would not have been made had not the rule we have stated been understood to prevail, that the State here, like the crown in England, is not bound by the provisions of a general statute which affects its prerogatives, rights, or interests, unless expressly named; for we find that in Massachusetts, as early as 1784, they had a statute similar in its provisions to ours, "that in all actions the party prevailing shall be entitled to his legal costs against the other." See *Gilbreth* v. *Brown*, 15 Mass. 178. And we presume that same statute, with substantially the same provisions, has continued in force there ever since. If costs can be allowed to this respondent under our laws, then the statute of Massachusetts, of 1844, providing for costs in similar cases against the State, was a work of supererogation. The case would seem so clear upon the authorities, that no allusion need be made to the difficulty and apparent inconsistency of issuing an execution in the name of the State, and in behalf of the State, and by authority of

the State, against the State; thus making the State, not to be sure the party on both sides of the same suit, but rather compelling it to act at the same time in the capacity of executioner and victim. It is not claimed, however, that these objections are insurmountable, but that they can only be removed by a statute making special provision for these cases.

The other question that is raised, that costs should not be allowed because the court had not jurisdiction of the subject matter, becomes immaterial. Still, we consider it a settled question that in such cases, where there has been a controversy, and the court have, by appearance, acquired jurisdiction of the parties, and have settled the questions raised in the case, and dismissed the petition or suit, they have jurisdiction to award costs; and if that were the only objection in this case it could not probably avail; but upon the other grounds the exceptions must be sustained, and the *scire facias* must be

*Dismissed without costs.*