Rockingham, }
June, 1895. }

## FOWLER *v.* OWEN.

Costs and expenses necessarily incurred and actually paid in regaining possession of land may be recovered in an action of trespass, *qu. cl.*

Evidence that the defendant in such action defended a prior suit against a third party for the recovery of the premises, is competent as tending to show that the acts of trespass were committed by his procurement and under his authority.

As against a plaintiff in possession, the defendant cannot prove title in one under whom he does not claim.

TRESPASS, *quare clausum,* for the recovery of damages for acts done January 1, 1887, and on divers days between that day and the date of the writ, March 19, 1892, and of the expenses incurred in regaining possession of the land from the defendant and his tenants and servants. Verdict for the plaintiff. Subject to the defendant's exception, evidence was received tending to show the following facts:

In 1890, the plaintiff recovered judgment in an action of trespass against Asa Beckman for building a house upon the premises. Owen, claiming to own the premises and that Beckman was his tenant, defended the action. The question of title was the only one tried. The judgment has not been satisfied. Owen and Beckman retaining possession notwithstanding the judgment, the plaintiff filed a bill in equity against them, praying for an injunction to restrain them from committing further trespasses, and to compel them to leave the premises. The bill was taken *pro confesso,* and a decree made enjoining the defendants to leave the land forthwith and desist from committing further trespasses upon it, and ordering that a writ of possession be issued against them. Copies of the decree were given to them and a writ of possession issued, by virtue of which an attempt was made to put the plaintiff in possession, but without success. In a subsequent proceeding against Owen, Beckman, and another, for violating the injunction, it was found that they were guilty of contempt. As a result of all these proceedings, the plaintiff got possession of the premises in 1891. See 66 N. H. 424.

It was ruled, subject to the defendant's exception, that the plaintiff was entitled to recover the expenses necessarily incurred and actually paid by him in the equity suit and the proceeding for violating the injunction.

The defendant offered to show that in 1742 the title to the premises was in the Province of New Hampshire, and that it

has ever since been in the province and the state. The evidence was excluded, subject to the defendant's exception.

*Samuel H. Goodall* and *John S. H. Frink*, for the plaintiff.

*Samuel W. Emery*, for the defendant.

CHASE, J. At common law, after a party obtains judgment in ejectment he may maintain trespass for mesne profits and recover, as a part of the damages, the costs necessarily incurred in the action of ejectment. 1 Chit. Pl. *192, *196; 2 Chit. Pl. *870; *Aslin* v. *Parkin*, 2 Burr. 665; *Nowell* v. *Roake*, 7 B. & C. 404; *Symonds* v. *Page*, 1 C. & J. 29; *Baron* v. *Abeel*, 3 Johns. 481. In *Nowell* v. *Roake*, a judgment recovered by the defendant in ejectment was reversed upon a writ of error, and it was held that the costs in the writ of error, taxed as between attorney and client, were recoverable as a part of the damages in the action for mesne profits. Lord *Tenterden*, C. J., said: "The expenses incurred in the court of error were part of the damages sustained by the plaintiff, by reason of his having been wrongfully kept out of possession by the act of the defendant."

The right to recover the expenses of the former action depends upon the necessity for the action and not upon its particular form. It is immaterial that the plaintiff's preliminary proceedings were in equity instead of law. The necessary consequence of the defendant's acts was to compel the plaintiff to resort to an equitable or legal action in order to obtain his rights.

It is suggested that there may be cases in which the costs of the previous proceedings may have been, in part at least, unnecessarily incurred and due to the plaintiff's folly, and in which such a balancing and adjustment of the consequences of wrong are required as can be done only in equity, and hence that the remedy is by bill in equity instead of an action at law. Under the practice in this state, time spent in the consideration of the form of remedy is wasted. *Peaslee* v. *Dudley*, 63 N. H. 220; *Gage* v. *Gage*, 66 N. H. 282, 296. The plaintiff may, at any time, file a bill in equity as an amendment.

The evidence that Owen defended the plaintiff's action against Beckman was competent. Whatever Beckman did by the procurement of Owen or under his authority was Owen's act as well as Beckman's. For such acts they were jointly and severally liable. The plaintiff was at liberty to sue either of them separately. The unsatisfied judgment against Beckman is no bar to the plaintiff's right to recover in this action. *Snow* v. *Chandler*, 10 N. H. 92.

The testimony offered by the defendant, that the title to the land was in the state and not in the plaintiff, was properly excluded. The defendant made no claim to a right of possession under the state. The plaintiff's possession was sufficient to enable him to maintain the action against one showing no better right, even if the state had the title. *Bailey* v. *March*, 2 N. H. 522,—*S. C.*, 3 N. H. 274; *Locke* v. *Whitney*, 63 N. H. 597; *Colbath* v. *Anderson*, 63 N. H. 617; *Sweetland* v. *Stetson*, 115 Mass. 49; *Nickerson* v. *Thacher*, 146 Mass. 609; Jack. Real Act. 157; 1 Chit. Pl. *176. An intruder upon the crown may maintain trespass against a stranger. *Harper* v. *Charlesworth*, 4 B. & C. 574.

Upon the plaintiff's filing a bill in equity, there will be

*Judgment upon the verdict.*

CLARK and CARPENTER, JJ., did not sit : the others concurred.