Carroll,
June 20, 1902.

### HERSEY v. HUTCHINS.

A plaintiff in a writ of entry, who has recovered judgment for the possession of the *locus in quo* and taxable costs, is not entitled to recover, in a subsequent action for mesne profits, sums paid to attorneys and surveyors in the original suit.

TRESPASS *quare clausum*. At a prior term the plaintiff recovered judgment, upon the verdict of a jury against the defendant, for the possession of the *locus in quo* and for her taxable costs in a writ of entry. The taxable costs were paid by the defendant. The question, whether the plaintiff is entitled as a part of her damages in the present action to sums of money paid to surveyors, attorneys, and others in the prior action, was transferred from the March term, 1902, of the superior court by *Stone*, J.

*Leslie P. Snow*, for the plaintiff.

*James A. Edgerly* and *Arthur L. Foote*, for the defendant.

CHASE, J. The plaintiff relies largely upon *Fowler* v. *Owen*, 68 N. H. 270, for a decision in her favor. In that case, the question of title to the land in suit was tried and decided in favor of the plaintiff in an earlier action of trespass. The defendant retaining the possession of the premises by a tenant, notwithstanding the judgment, the plaintiff filed a bill in equity against

the defendant and his tenant, and obtained a decree enjoining
them to surrender the premises forthwith and ordering the issue
of a writ of possession. The defendants did not obey the injunc-
tion, and the writ of possession proved ineffectual; and thereupon
they were proceeded against for contempt and were found guilty.
As a result of the proceedings, the plaintiff got possession. In
the case reported, it was ruled that the plaintiff was entitled to
recover the expenses necessarily incurred and actually paid by
him in the equity suit and the proceeding for violating the injunc-
tion. This was the ruling to which the decision related. It
will be noted that the ruling did not include the expenses
incurred and paid by the plaintiff in the action in which the
title to the premises was in dispute, but only the expenses that
were necessarily incurred to regain possession after it had been
adjudged that the plaintiff's title was valid. The defendant
apparently attempted to hold the premises in defiance of the
plaintiff's adjudged right. There was no excuse for his acts,
and the natural tendency of them was to induce the plaintiff to
take further steps to regain the possession to which he had been
adjudged entitled. The expenses necessarily incurred in begin-
ning and prosecuting the suit in equity and its incident were natu-
ral and direct consequences of the defendant's wrongful acts,
as much so as would be the expenses incurred in removing an
inert object placed or suffered to remain upon the land by the
defendant. In the present case, the expenses for which the
plaintiff seeks reimbursement were incurred in establishing her
title to the premises, the same as were those incurred by the
plaintiff in *Fowler* v. *Owen*, in the first action of trespass. The
question before the court therefore differs materially from the
question decided in that case, and requires independent consid-
eration.

By the common law, the successful plaintiff in an action of
ejectment could subsequently maintain an action of trespass for
mesne profits, etc., and recover as damages the costs of the
ejectment as well as the mesne profits; and this, whether the
action of ejectment was brought in the name of a fictitious lessee
against a casual ejector, as was the early practice, or by the real
owner against the real disseizor, as was the later practice, and
whether the defendant appeared and defended, or was defaulted.
*Aslin* v. *Parkin*, 2 Bur. 665; *Goodtitle* v. *Tombs*, 3 Wils. 118;
*Gulliver* v. *Drinkwater*, 2 T. R. 261; *Doe* v. *Davis*, 1 Esp. 358;
*Brooke* v. *Bridges*, 7 J. Moore 471; *Symonds* v. *Page*, 1 C. & J.
29; *Doe* v. *Hare*, 2 Dowl. 245; *Doe* v. *Filliter*, 13 M. &. W.
47; *Pearse* v. *Coaker*, L. R. 4 Ex. 92.

Generally, the court directed the costs to be taxed when awarded

in an action. This was done by an officer of the court known as "taxing master." The fee bill was not definite in all particulars, and the taxing master was entrusted with considerable discretion. It seems that he had authority to allow charges for the services of counsel in giving advice, drawing pleadings, settling affidavits, etc. 3 Enc. Laws Eng. 468, 469; 12 *Ib.* 77; 3 Bl. Com. 399. When the costs in the action of ejectment were taxed therein, the plaintiff was not entitled to a larger sum as part of his damages in the action for mesne profits; but if there was no authority for taxing them in the ejectment suit, or if for any reason they were not taxed, the plaintiff was entitled to have them allowed by the jury upon evidence submitted to them. In the latter case, the taxation was according to a more liberal scale than in the former. *Doe* v. *Davis*, *supra*; *Brooke* v. *Bridges*, *supra*; *Symonds* v. *Page*, *supra*; *Doe* v. *Huddart*, 2 C. M. & R. 316; *Nowell* v. *Roake*, 7 B. & C. 404. In *Doe* v. *Huddart*, the judge charged the jury that the party driven to bring an action of ejectment was entitled to recover the necessary expenses he was put to in the assertion of his right; and the jury assessed a larger sum than would be taxed by a master. The defendant, although excepting at first, "gave up" the point and it was not decided. It is said that there was no practice by which the court officers taxed costs against the casual ejector, and consequently they were necessarily taxed by the jury in such case. See remark of *Alderson*, B., in *Doe* v. *Filliter*, 13 M. & W. 47, 48. In *Nowell* v. *Roake*, 7 B. & C. 404, the plaintiff recovered judgment in an action of ejectment upon a writ of error, and it was held that, as the court of error could not award costs, he was entitled to recover the expenses incurred in that court as part of his damages in the action for mesne profits; and that "the jury might reasonably consider the costs between attorney and client as the measure of the damages which he had sustained." In *Doe* v. *Filliter*, *supra*, the plaintiff's costs in the ejectment suit had been taxed under the judge's order and had been paid into court, and it was held that he could not recover more. *Rolfe*, B., said: "Here a taxation has taken place in the usual way, and by that the plaintiff is bound. Where, indeed, there has been no taxation, then, *ex necessitate*, the jury must say what is to be an indemnity." *Pollock*, C. B., assigns as a reason for the decision, that "the plaintiff is not entitled to be in a better situation than any other plaintiff."

The American authorities on the subject are not uniform, but the cases in which it is held that only the taxable costs of the ejectment suit can be recovered as a part of the damages in the action for mesne profits outweigh those in which counsel

fees and other expenses are allowed. Only two cases of the latter class have been found: *Denn* v. *Chubb*, 1 Coxe 466, and *Doe* v. *Perkins*, 8 B. Mon. 198. *Denn* v. *Chubb* was a *nisi prius* decision made in 1795; and it was overruled in the recent case of *Pike* v. *Daly*, 54 N. J. Law 4. In *Doe* v. *Perkins*, it is held that the plaintiff is entitled to be reimbursed in such amount as he has in good faith been compelled to pay in obtaining by legal means the restoration of the property which the defendant has wrongfully taken or withheld from him. No authority is cited, and the decision is put solely upon the principle by which, in an action of trespass for taking a horse, the plaintiff may recover whatever sum the wrongdoer has exacted from him as the price of a redelivery. The court recognize the English rule, that when costs have been taxed the taxation is a final liquidation and a larger sum cannot be recovered in the action for mesne profits, but they say it does not apply in Kentucky, where a strict rule for the taxation of costs is prescribed, because "if it did, it would exclude a recovery beyond the strict charges for legal costs."

The cases in which it is held that counsel fees and other expenses should not be included in the damages are: *White* v. *Clack*, 2 Swan 230; *Meloy* v. *Johnston*, 2 MacArth. 202; *Alexander* v. *Herr*, 11 Pa. St. 537; *Stopp* v. *Smith*, 71 Pa. St. 285; *Herreshoff* v. *Tripp*, 15 R. I. 92; *Pike* v. *Daly*, 54 N. J. Law 4. The reasons given for this holding are, that costs are awarded to the successful party in an action to indemnify him for the expenses incurred in establishing his right, and although they are not full indemnity, they are all that the law allows; that they become liquidated and a debt when the judgment is rendered, and it is contrary to principle to allow them to be recovered a second time as a part of the damages in another action; and that the plaintiff in ejectment is in the same situation in this respect as other suitors who sue for their rights, and has no just claim to fuller indemnity. If the successful plaintiff in ejectment is entitled to fuller indemnity than is afforded by the taxable costs in the action, the significant inquiry is made, why the defendant, if successful, should not have indemnity to the same extent? It is believed that these reasons cannot be satisfactorily answered. The principle upon which the decision in *Doe* v. *Perkins* was made is not adequate for the purpose. If the plaintiff in an action of trespass for taking a horse was entitled to be fully indemnified for the expenses incurred by him in instituting and prosecuting the action, as well as for the money exacted from him by the wrongdoer as the price for a redelivery of the horse, the principle would perhaps justify the decision; but it was not claimed that the plaintiff could recover such expenses. Nor does the fact that an adoption of the English rule would exclude a

recovery beyond the legal costs allowed by the local law seem to be a sufficient reason for not applying the rule.

In this state, the action commenced by writ of entry takes the place of the action of ejectment. *Withington* v. *Corey*, 2 N. H. 115; *Winkley* v. *Hill*, 6 N. H. 391; *Bailey* v. *Hastings*, 15 N. H. 525; *Hatch* v. *Partridge*, 35 N. H. 148, 157. Costs follow the event of every action unless otherwise directed by law or the court. P. S., c. 229, s. 1. They are fixed by the fee bill as to most matters. P. S., c. 287. Generally, they are much less than the expenses necessarily incurred by the party in whose favor they are awarded. It is not the policy of the law that reimbursement in full should be made for such expenses; if it were, the statutes would provide for reimbursement instead of limiting costs to small fees. No distinction is made between actions on account of their form or nature, or the merits of the claims of the respective parties therein. The same provisions apply whether the action be entry, trespass, case, or assumpsit, and whether the unsuccessful party had reasonable grounds for his contention or not. The plaintiff in an action for malicious prosecution can recover as costs in the action no more than the costs prescribed for actions generally, however unreasonable and malicious the defendant's acts may have been.

So far as appears, the title to the *locus* in this action may have been in dispute in the prior action; each party may have asserted title to it in good faith; but if the defendant showed no title and made no pretence of a title, the only costs that could be adjudged against him in the action would be the taxable costs, the same as would be recovered if he set up a title in good faith which failed only because of a slight preponderance in the weight of the testimony supporting the plaintiff's title. In justice and equity, the plaintiff is not entitled in this action to fuller indemnity for the necessary expenses incurred by her in the former action than she would be entitled to if this action had not been brought. The bringing of this action did not render the plaintiff's claim of indemnity any more just or equitable. Besides, the claim, to the extent allowed by the law, was liquidated and became a part of the judgment in the entry suit. Elementary principles of law would be violated if the plaintiff were allowed to bring it forward again in this action and have it considered as if there was no judgment upon it.

There is nothing in the reserved case to show that the plaintiff is entitled to have the sums paid by her to surveyors and others in the prior action included as a part of her damages in this action.

*Case discharged.*

All concurred.