Hillsborough, ⎱
 July 1, 1910. ⎰

### MANCHESTER v. HODGE & a.

Where it has been judicially determined that the rights of abutters upon a street are subordinate to a reasonable public use, and that their occupation of the way prevents public travel thereon, the municipality may be allowed to tax as costs the reasonable counsel fees thereafter incurred in securing an order for the removal of the obstructions complained of.

BILL IN EQUITY, for an injunction. Transferred from the January term, 1910, of the superior court by *Pike*, J. The subject of the litigation has been transferred to the supreme court three times: 73 N. H. 617, 74 N. H. 468, and *ante* 166. After the second decision, on April 6, 1908, the plaintiff moved in the superior court that the defendants be ordered to remove all incumbrances on Willow street maintained by them, and that if the defendants resorted to further litigation in the matter they should be ordered to pay all the plaintiff's further expenses in obtaining the relief sought. The defendants resisted the issuance of the order of removal on the ground that the fact should be determined whether certain articles actually interfered with the travel on the street, claiming the right to occupy the street as they were then occupying it. After the third decision an order of removal was made; and the court allowed counsel fees since April 6, 1908, as costs, subject to the defendants' exception.

*George A. Wagner, David Cross*, and *Taggart, Tuttle, Burroughs & Wyman* (*Mr. Wyman* orally), for the plaintiff.

*Burnham, Brown, Jones & Warren* (*Robert L. Manning* orally), for the defendants.

WALKER, J. Upon the transfer of this case reported in 74 N. H. 468, it was determined that "the legal title to one half of Willow street, with the right to use the whole of it for any purposes for which a way to the cemetery could be used, at one time was and still is vested in the city as trustee for the public." In effect, the holding was that the defendants' rights in the street were the rights usually appertaining to abutters on a street, and that their occupation of the street or any part of it was subordinate to the reasonable use thereof by the public as a way to the cemetery. The legal rights of the parties to the use and occupation of the street were thus definitely adjudicated, and further litigation

upon the subject of the occupancy of the street was rendered improbable and seemed to be unnecessary. Subsequently, on April 6, 1908, in the superior court the defendants resisted the plaintiff's motion that they be ordered to remove all obstructions erected or maintained by them upon the street the effect of which was to unduly interfere with the use of the way as a street, and the question whether the order should be entered was transferred to this court. Upon the facts disclosed the court said : "It is found that the defendants have so enclosed and incumbered the street as to prevent all travel upon it. This means, as we understand it, that the defendants not only use the half of the street adjacent to the cemetery for purposes other than travel, but so use the half adjacent to their own premises as to wholly exclude the city from its use, and is equivalent to a finding that the use made by the defendants is inconsistent with the reasonably free use of the street as a way to the cemetery. Therefore, as the case stands, the plaintiff's motion should be granted and an injunction issue accordingly." *Manchester* v. *Hodge, ante,* 166, 167.

It appears, therefore, that on April 6, 1908, when the plaintiff was seeking for a final order in vindication of its legal rights as already adjudicated, the defendants were so occupying the street, or that part of it adjacent to their premises, as to wholly prevent travel thereon. That such occupation by them was unreasonable and inexcusable is a mild characterization of the fact. The defendants, understanding the situation and the effect of their acts in preventing travel on the street, objected that before an order of removal could be made with reference to the half of the street adjoining their land there should be a trial of the fact whether certain articles did actually interfere with the travel. But it had already been determined that their occupation of that half of the street impeded and prevented the travel on the street which it would otherwise accommodate, and no evidence is disclosed indicating any attempt on their part to remove any of the obstructions on that side of the street. In other words, the case does not show that they were seeking to do what is reasonable in view of the legal rights and demand of the plaintiff. If any question of real importance should arise as to what encroachments should be removed in order to render the street reasonably free for travel to and from the cemetery, it can be conveniently determined after the defendants, in the exercise of a reasonable judgment, have cleared the street of such obstacles maintained by them as they believe the public travel demands. An itemized specification of the things to be removed might be impracticable.

In view of the foregoing facts, we are of the opinion that the court was justified in allowing as costs reasonable counsel fees

incurred since April 6, 1908, by the plaintiff in obtaining the order of removal. If the issue is whether the defendants have unreasonably and defiantly prolonged the litigation since that date, we cannot say that the superior court was not justified in finding the fact for the plaintiff. *Fowler* v. *Owen,* 68 N. H. 270; *Hersey* v. *Hutchins,* 71 N. H. 458.

*Exception overruled.*

All concurred.