Cheshire, }
May 5, 1914. }

WILLIAM H. ANDERSON *v.* MERRILL LUMBER & FORESTRY CO.

SAME *v.* CHARLES H. MERRILL & *a.*

Where a grantee of real estate has not made expenditures in defence of a title which has partially failed, the expenses of litigation he is entitled to recover in an action for damages against a warrantor are limited to his taxable costs, in the absence of an express agreement ˉenlarging the defendant's liability.

DEBT, in the first case for breach of a covenant in a deed, and in the second case for breach of a bond of warranty. Trial by the court and verdicts for the plaintiff, in the first action for his damages, and in the second for his damages and the expenses incurred in conducting the litigation. Transferred from the April term, 1912, of the superior court by *Chamberlin*, J.

In 1908, the defendant corporation agreed to convey a large tract of land to the plaintiff by warranty deed; but when the time to make the conveyance arrived, he ascertained that the company had no

record title to parts of the property and in consequence took a writing under seal from Charles H. and Myra L. Merrill warranting the title. The plaintiff has not incurred any expense in defending his title to the premises, but there has been a partial failure of title, and these suits are to enforce the liability of the Merrills as warrantors. The court ruled that the plaintiff could recover his expenses from the Merrills, but not from the company, and both he and the Merrills excepted.

*Walter E. Kittredge* and *Wason & Moran* (*Mr. Kittredge* orally), for the plaintiff.

*Sam K. Paige* (of Massachusetts), by brief and orally, for the defendants.

YOUNG, J. The plaintiff rests his contention as to his right to recover his expenses as a part of his damages on the cases which hold that one who is sued may recover the expense he incurs in defending the suit, if he would not have been sued but for the defendant's failure to perform either a contractual (*Fairfield* v. *Day*, 71 N. H. 63) or an imposed duty (*Hubbard* v. *Gould*, 74 N. H. 25), provided defending the suit was the reasonable thing to do. *Winnipiseogee Paper Co.* v. *Eaton*, 65 N. H. 13. These cases, however, are not in point. No one has sued the plaintiff, but he has sued the defendants. Notwithstanding they agreed to make his title good, they did not promise to pay the expenses he incurred in enforcing liability on their agreement; and in the absence of such a promise, all he can recover as expenses of litigation is his taxable costs. *State* v. *Kinne*, 41 N. H. 238, 240.

*Plaintiff's exception overruled: Merrills' exception sustained.*

PLUMMER, J., was absent: the others concurred.