Hillsborough, }
Oct. 3, 1916. }

GEORGE JACQUES *v.* MANCHESTER COAL & ICE COMPANY & *a.*

Incidental to the court's power to enforce its decrees, is the power to compel payment of all reasonable counsel fees incurred in procuring enforcement of a decree wrongfully resisted.

The court has no general power to allow counsel fees as costs whenever deemed equitable, nor whenever the plaintiff is compelled to apply for relief because of the defendant's misconduct.

Expenses, including counsel fees, which a person incurs who is compelled to prosecute or defend a suit by reason of another's failure to perform a duty arising from contract or imposed by law, may be recovered as damages; but in an action therefor the plaintiff cannot also recover the additional counsel fees of such action but will be limited to taxable costs.

Exceptions may be taken in good faith and the case be properly transferred though the excepting party has no confidence in them.

BILL IN EQUITY. After the decision in this case, *ante,* 33, an order was made that the execution should be paid by Loveren out of the funds in his hands as agent of the New England Investment Company.

The ice company was insured against the plaintiff's claim, and, owing to the insurer's insistence that an exception to the above order should be taken by the assured and the case carried to the supreme court, the ice company took the exception.

The superior court found that the situation which necessitated the bringing of the plaintiff's bill in equity to collect his judgment against the ice company resulted primarily from the sale by it of all its property after suit was begun, and the payment of the proceeds to the investment company as its sole stockholder; and that the defendant Loveren would have taken no exception to the order of the superior court if the question of insurance had not been involved, but that the taking of the exception and its subsequent transfer to the supreme court were brought about directly by the insurance company without regard to the probability of the exception being sustained, but simply to defer if not avoid final payment; that under the foregoing circumstances it was equitable that the plaintiff should be reimbursed for the extraordinary expenses which the collection of his judgment involved, and therefore allowed the sum of $250 as attorneys' fees in the bill in equity, in addition to the costs taxable under P. S., *c.* 287.

To this order allowing an attorney fee, the defendant Loveren excepted. Transferred by *Branch*, J., from the January term, 1916, of the superior court.

*Taggart, Burroughs, Wyman & McLane* (*Mr. Wyman* orally), for the plaintiff.

The necessary consequence of defendant's acts was to compel the plaintiff to resort to an action to obtain his rights: *Leverone* v. *Leverone*, 220 Mass. 149; and damages are recoverable for time and money spent in searching for property wrongfully taken. *Bennett* v. *Lockwood*, 20 Wend. 223; *Greenfield Bank* v. *Leavitt*, 17 Pick. 1.

*O'Connor & O'Connor*, for the defendants.

The exception having been taken in good faith, counsel fees should not be allowed the prevailing party: *Fowler* v. *Houston*, 2 Edm. Sel. Cases (N. Y.) 14; *Robinson* v. *Holst*, 96 Ga. 19, 23,—23 S. E. 76; *McClung* v. *McClung*, 40 Mich. 493; *Hersey* v. *Hutchins*, 71 N. H. 458, 461; *Wallace* v. *Wallace*, 75 N. H. 217; *Fowler* v. *Towle*, 49 N. H. 507.

YOUNG, J. The question raised by the defendant's exception is as to the court's jurisdiction in respect to the allowance of costs,—not as to its jurisdiction in respect to assessing damages that are a proximate result of the defendant's misconduct. In other words, not as to the court's jurisdiction to assess the damages a person sustains because he is compelled to prosecute or defend a suit by reason of the defendant's failure to perform a duty created by contract with him or imposed on them by law for his benefit. *Fowler* v. *Owen*, 68 N. H. 270; *Fairfield* v. *Day*, 71 N. H. 63; *Hubbard* v. *Gould*, 74 N. H. 25; *Anderson* v. *Company*, 77 N. H. 275. While these cases hold that the plaintiff can recover all the expense of the first litigation from the defendants, provided carrying on the litigation was under the circumstances the reasonable thing to do, no one of them holds that he can recover his reasonable counsel fees in addition to his taxable costs in the second suit. In a word, while these cases hold that a person can recover his reasonable counsel fees when his need to employ counsel is a proximate result of the defendant's misconduct, they do not hold that he can recover what he is compelled to pay counsel to collect such fees from the defendants.

These cases therefore are not in point for, as has already appeared,

the question raised by the defendant's exception is as to whether the court has power to allow reasonable counsel fees or a counsel fee of more than one dollar, not as damages but as a part of the prevailing party's costs whenever it finds that would be equitable. Most courts hold that their jurisdiction in respect to the allowance of costs is statutory (11 Cyc. 24), and that is the view that obtains here. *State* v. *Kinne,* 41 N. H. 238; *Smith* v. *Boynton,* 44 N. H. 529; *Moses* v. *Craig,* 77 N. H. 586. While the statutes authorize the court to allow costs to the prevailing party (P. S., c. 229, s. 1), they limit the amount it may allow as counsel fees to one dollar. There is no statute which in terms or by implication authorizes the court to allow more than that sum when it finds that would be equitable. While there are some cases that seem to be exceptions to the rule that no more than one dollar can be allowed as counsel fees in the taxation of costs, it will be found on examination that in most of these cases the plaintiff was compelled by reason of the defendant's failure to obey one of the court's decrees to apply to it for relief. For example, in *Manchester* v. *Hodge,* 75 N. H. 502, after the question of the defendant's right to pile lumber in a public street had been decided in favor of the city, the defendant still refused to move his lumber, and the city deemed it wise to apply to the court for relief. It was held that under these circumstances it could recover all the expenses of the application including reasonable counsel fees. While such cases are an authority for the proposition that the court has power to enforce its decrees, they are not authority for the proposition that the court may allow reasonable counsel fees in all cases in which the plaintiff is compelled to apply to it for relief because of the defendant's misconduct. If they were, then every successful plaintiff would be entitled to such counsel fees in addition to his taxable costs. What these cases hold and all they hold is, that the court has power to enforce its decrees, or that it has power to punish for contempt. In other words, the court's power to compel the defendants to pay all the expenses the plaintiffs incur in such cases is incidental to its jurisdiction to enforce its decrees.

The plaintiff also contends, that the court had power to make the order excepted to because to transfer this case when and as the defendants did was to prolong this litigation unreasonably. One difficulty with this contention is that there is neither any finding that they prolonged this litigation unreasonably nor any evidence that would warrant such a finding. As the court's findings are understood, it is true the defendants transferred this case notwithstanding

they had no faith in their exception, but they transferred it at the request of the insurance company liable over to them, if the plaintiff prevailed, in order to avoid giving that company an opportunity to contest liability on the ground that the case should have been transferred, if it became necessary for them to sue that company to enforce their claim. There is no statute which either in terms or by implication makes it illegal to transfer a case when the excepting party has no faith in his exception; but there is one which gives him the right to except to any order of the presiding justice and to transfer the questions of law raised by his exception to this court. It will be unnecessary to consider whether this right is limited by the rule that those acts and those only that are reasonable are legal; for the result will be the same in this case whether the right to transfer is absolute or limited by that rule, for as has already appeared the defendants transferred this case in order to avoid trouble if it became necessary for them to enforce their claims against the insurance company, and all fair-minded men will agree that in their situation the ordinary man would have done as they did. If it were true as the plaintiff contends that the acts of the insurance company are the acts of the defendants, the result would be the same in so far as this case is concerned. It is found that the insurance company had two reasons for insisting on the transfer of this case,— one a desire to contest liability; the other a desire "to defer if not avoid final payment." The first was legal, the second illegal; but the fact it is illegal to defer the payment of money that is due would not authorize the order to pay the plaintiff $250 in addition to his taxable costs, for the law limits the damage that may be recovered for such an illegal act to interest and taxable costs. *Richards* v. *Whittle*, 16 N. H. 259.

*Exception sustained.*

All concurred.