Coös,          }
Dec. 2, 1924. }

### SARAH M. KAEMMERLING, *Ex'x, v.* STATE.

The principle that the state cannot be sued without its consent applies to a claim on account of taxes paid and subsequently abated; in the absence of legislative provision for the payment of interest in such cases, interest cannot be collected.

Express provision in the inheritance tax law for interest at one half the legal rate in certain cases of taxes paid and subsequently abated negatives the intention to make the state liable at the full legal rate in other cases in which the statute makes no reference to interest.

Provision in the inheritance tax law for extending the time of payment when the tax is contested, and the omission of authority, given under other tax laws, to make such incidental orders as justice may require when abatement is granted, indicate a purpose not to allow interest to one who pays his tax without requesting an extension of the time for payment.

APPEAL, from probate court decree denying a petition to abate legacy taxes. The superior court (*Marble*, J.) transferred without ruling (a) questions relative to the legality of the tax and (b) the question whether, in the event of abatement, the amount carries interest from the time the tax was paid.

*Shurtleff & Oakes*, for the plaintiff.

*Joseph S. Matthews*, assistant attorney-general (by brief and orally), for the state.

ALLEN, J. The state conceding that under *Williams* v. *State, ante*, 341, an abatement of the entire tax should be decreed, the only question for consideration is whether interest from the time the tax was paid should be added to the amount to be abated.

Article 55 (56) of Part II of the Constitution prohibiting payments from the state treasury except in accordance with legislative act or resolve, as a practical declaration that the state cannot be sued without its consent, makes it evident that it is not liable for interest on its obligations without such consent. The obligation of itself does not imply or carry with it an additional obligation to pay interest on its amount. "An obligation of the State to pay interest, whether as interest or as damages, on any debt overdue, cannot arise except by the consent and contract of the State, manifested by statute, or in a form authorized by statute." *United States* v. *North Carolina*,

136 U. S. 211, 221. In reason no greater right to recover interest on taxes paid the state and later abated than on other obligations of the state is apparent. Whether the claim for interest is based on the creditor's detention from the use of his money or on the debtor's enjoyment of its use, no distinction between interest on such payments and on other obligations of the state can be made in this respect.

Also, since a taxpayer's right to a refund of taxes wrongfully collected can be enforced only under the statutory remedy therefor and subject to its conditions and restrictions (*Rowe* v. *Hampton*, 75 N. H. 479, and cases cited; *Bartlett* v. *New Boston*, 77 N. H. 476), he is entitled to interest on such refund only as the statute authorizes it.

Examination of the statute upon which repayment of the tax is here sought (Laws 1921, c. 72, s. 2, amending Laws 1911, c. 42, s. 1, *subs.* 12) shows that neither in terms nor by implication is interest to be figured on repayments. By the statute, on a final decree ordering repayment of any portion of the tax, "the state treasurer shall repay the amount adjudged to have been illegally exacted without any further act or resolve. making appropriation therefor."

In terms silent as to interest, it does not imply interest either from its other sections or from other tax legislation. On the contrary the intention thereby disclosed is in denial of interest under it.

By *subs.* 2 of s. 1 of the 1911 act contingent and discretionary remainders are subject to the legacy tax upon the provision that if they eventually go to exempted persons, on the granting of a petition for abatement, "the state treasurer shall repay the amount adjudged to have been illegally exacted as provided in said section 12 [above cited] with interest thereon at three per cent per annum from the date of the payment of the tax."

Thus in the same act in one situation interest at a special rate of one half the normal allowance is to be added to the amount abated, while in the situation under consideration all reference to interest is lacking. The use of identical language for the repayment of "the amount adjudged to have been illegally exacted" in both sections, with allowance of interest added in one and no reference to it made in the other, adds to the force of the conclusion that it was not intended where not mentioned.

Comparison of the legacy and succession tax law with other tax legislation shows an important change in its working scheme, which not only emphasizes the improbability of a legislative intent to

allow interest here but discloses the purpose to exclude rather than include it.

By the general and other taxation laws (P. S., c. 59, s. 8; Laws 1911, c. 169, s. 23; P. S., c. 65, s. 13) the ten per cent interest charge on overdue taxes is made an incident of the tax and a petition for abatement is no reason for extending the time of payment. *Western Union Telegraph Co.* v. *State,* 64 N. H. 265; *Winnipiseogee &c. Co.* v. *Gilford,* 64 N. H. 514. A taxpayer claiming relief runs the risk of the ten per cent charge if he awaits the outcome of his petition before paying the tax.

In this situation the authority given in P. S., c. 59, s. 11, Laws 1911, c. 169, s. 19, and Laws 1895, c. 90, s. 1, for the court to make such order as justice requires on a petition for abatement has been construed to include the allowance of interest at the normal rate on taxes paid and abated. *Boston & Maine Railroad* v. *State,* 63 N. H. 571; *Amoskeag Mfg. Co.* v. *Manchester,* 70 N. H. 336.

This being the settled law when the legacy and succession tax law was first enacted in 1905, by that law the probate court, subject to appeal, assessed the tax. Laws 1905, c. 40, s. 14. It contained no express provisions as to repayment of over-assessments, nor for delaying payment until final determination of questions affecting the validity or amount of the tax. In 1911 the law was substantially amended by directing that the state treasurer should assess the tax, subject to appeal to the probate court, and by giving the taxpayer who paid the tax without appeal the right to petition the court within one year after payment for a refund. The tax is payable two years after the appointment of the representative of the estate, and the provision of the 1905 act for ten per cent interest on overdue taxes is retained, but the court "may extend the time of payment of said tax whenever the circumstances of the case require." Laws 1911, c. 42, s. 1, *subs.* 12, 14, 4, 17. These provisions of the 1911 law remain in force with some verbal changes.

In giving the probate court authority to extend the time of payment if "circumstances" require, there was evidently in mind the situation of appeals from the probate court on questions relating to the tax or otherwise affecting its amount. The amount of the tax rightfully assessable being in such cases uncertain pending appeal, extension of the time of payment of the uncertain part of the tax would seem a clear and obvious requirement of circumstances within the legislative intent. Whether there may be other circumstances which require it does not call for consideration.

It thus appears that while general taxes are due by a fixed date, the time of payment of legacy and succession taxes may be extended until their validity and amount is finally determined.

Payment under protest not being necessary to escape the ten per cent interest charge on legacy and succession taxes in case no abatement is granted, but relief being given the taxpayer by the court's authority to extend the time of payment of the tax, the argument that one must choose between losing the use of his money and running the risk of paying the high rate fails. Voluntary payment of the tax without having the claim for abatement first determined does not create a hardship in the loss of interest if abatement is later granted. It is an act on the taxpayer's part not required in advance of final decision and the non-performance of which until final decision is not penalized by any interest charge, if he avails himself of the protection arranged by the statute.

The legacy and succession tax law thus obviating the hardship of the general tax law by authorizing suspension of payment, authority to make any order other than as specified in it is intentionally withheld. It is not probable that the legislature, having expressly provided for equitable orders in abatement petitions under the general tax law, intended any authority beyond that expressly given in the legacy and succession tax law where the occasion for such equitable orders is lacking. Expressly given where justice makes it necessary, authority is not implied where justice does not require it.

*Case discharged.*

All concurred.