Hillsborough,
Mar. 6, 1951.
} No. 4006.

ERNEST R. D'AMOURS, *Director, Ap't*

*v.*

ARTHUR STEDMAN HILLS & a., *Trustees, Ap'ees.*

· *Ernest R. D'Amours* (by brief and orally), *pro se.*

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wadleigh* orally), for the appellees.

JOHNSTON, C. J. In *State* v. *Kinne*, 41 N. H. 238, it was decided that the State is not bound by a statute which bars any of its prerogatives, rights, titles or interests, unless the statute by express words includes the State in its provisions. Accordingly, it was held that the State was not liable for costs either in civil or criminal proceedings. Following this opinion the Legislature provided that in civil actions in which the State is plaintiff, if the defendant prevails, he may recover costs against the county where the judgment is rendered. R. L., *c.* 397, *s.* 12.

Revised Laws, chapter 365, section 3, does not expressly include the State. It is therefore held that the Director of the Register of Charitable Trusts was under no obligation to furnish a bond in order to perfect his appeal. However the appellees would be entitled under said section 12 of chapter 397 of the Revised Laws to recover any costs for which judgment may be entered against the county under said section 12.

"Even when statutes do not expressly exempt the state, it is the generally accepted rule of law that a state is not within the contemplation of statues requiring appeal bonds unless specifically named. . . ." 4 C. J. S. 980. This statement is under the heading: "The state or its officers acting in their official capacity, are not ordinarily required to furnish an appeal bond." It is supported by *Walker* v. *Turner* (decided 1938), 22 Tenn. App. 280, 283; *San Francisco Law &c. Co.* v. *State*, 141 Cal. 354, 357; *State of Florida* v. *Rushing*, 17 Fla. 223, 225. See also, *dicta* in *Holmes* v. *Mattoon*, 111 Ill. 27, 29, and in *McClay* v. *Lincoln*, 32 Neb. 412, 422. A similar statement that there is an implied exception in favor of the State is found in 3 Am. Jur. 175.

The appellees argue that the State is not a party and that therefore the above stated principle of exemption cannot apply. It is unnecessary to decide the abstract question of whether the State is or is not a party to these proceedings, for the principle extends to and includes the officers of the State acting in their official capacity and within the authority conferred upon them.

In *Bow* v. *Plummer*, 79 N. H. 23, the defendant was the State Treasurer in his official capacity. It was held that he was entitled to the benefit of the principle of the State's immunity from suit. See *Walker* v. *Turner*, *supra*, and *Holmes* v. *Mattoon*, *supra*.

*Exception sustained.*

KENISON, J., did not sit: the others concurred.