Hillsborough,
No. 5509.

NEW HAMPSHIRE WATER RESOURCES BOARD

*v.*

VERA I. PERA.

Argued November 1, 1966.
Decided February 24, 1967.

*George S. Pappagianis*, Attorney General, and *Robert W. Moran*, Assistant Attorney General ( *Mr. Moran* orally ), for the State.

*Leonard, Leonard & Prolman* ( *Mr. David M. Prolman* orally ), for the defendant.

PER CURIAM. The question presented is whether the defendant, whose land has been taken by eminent domain, may recover interest and costs against the plaintiff in addition to the jury award. We hold that the defendant is entitled to interest on the award from the time of entry upon the defendant's land by the State but is not entitled to costs. RSA 481:10 V.

It must be conceded that any recovery against the Board would be recovery against the State and that the State cannot be sued without its consent. This is so well established that extensive citations are not required. *St. Regis Co.* v. *Board*, 92 N. H. 164. *Public Service Co.* v. *State*, 102 N. H. 54. While consent to sue the Board has been given in RSA 481:6 and it is in fact the moving party under RSA 481:10, nowhere in these sections or elsewhere in the chapter is there any express provision for the recovery of interest or costs against it.

It has long been established, as a general rule, that costs which are purely statutory cannot be recovered against the State without its consent, express or reasonably implied. *State* v. *Kinne*, 41 N. H. 238; *Holte* v. *Rondeau*, 105 N. H. 304, 306. See also, *Manchester* v. *Guild*, 100 N. H. 507, 511. There is nothing in our statutes which reasonably implies that the State has consented that costs may be recovered by this defendant in this proceeding. The fact that there are some contrary views elsewhere ( Annot. 72 A.L.R. 2d 1379 ) gives us no reason to disregard the long-standing rule here.

The question of interest stands on a different footing. The defendant here had land taken from her by eminent domain. She is therefore entitled to just compensation under Pt. I, *Art.* 12th of the Constitution of this state. *Great Falls Mfg. Co.* v. *Fernald*, 47 N. H. 444, 455.

The plaintiff relies upon the doctrine of sovereign immunity which in prior cases of this court has prevented a party from recovering interest against the State without legislative consent which we find to be absent in this proceeding also. See *Public Service Co.* v. *State*, 102 N. H. 54; *Holte* v. *Rondeau*, 105 N. H. 304. None of the cases cited by the plaintiff involve the taking of property by eminent domain.

There is no doubt that as a general rule, because of sovereign immunity, interest cannot be recovered against the State without its consent. However the doctrine of sovereign immunity does

not apply to eminent domain proceedings because the constitution-al requirement of just compensation is self-executing and not dependent upon waiver of immunity. 16 C.J.S., Const. Law, *s.* 49; 26 Am. Jur. 2d, Eminent Domain, *s.* 7, *p.* 646, and *s.* 171, *pp.* 846, 847.

What constitutes just compensation is a judicial question and it is well settled that interest is recoverable in eminent domain proceedings as part of just compensation when payment is not contemporaneous with the taking. Annots. 96 A.L.R. 18, 150; 36 A.L.R. 2d 337, 413; 27 Am. Jur. 2d, Eminent Domain, *ss.* 297-300.

In this state the principle of allowing interest as an adjustment for delay in payment for a taking by eminent domain was applied in *Goodrich Falls Co.* v. *Howard,* 86 N. H. 512, 518, 519. We hold in this case that as part of just compensation under the New Hampshire Constitution, the defendant is entitled to interest on the jury award from the time of entry to the time of payment.

*Remanded.*