Strafford,
No. 6370.

## Tau Chapter of Alpha Xi Delta Fraternity

*v.*

## Town of Durham.

June 30, 1972.

*Burns, Bryant, Hinchey, Nadeau & Cox* and *Donald R. Bryant,* by brief, for the plaintiff.

*Fisher, Parsons, Moran & Temple* and *Harold D. Moran,* by brief, for the defendant.

KENISON, C.J. The principal question presented in this case is whether, on a petition for abatement of taxes, RSA 76:17 authorizing the superior court to make "such order thereon as justice requires" implies that the court may award costs against a municipality as an incident to its order abating a part of the taxes collected.

Plaintiff was awarded an abatement of taxes for the years 1967, 1968 and 1969. The Master's report (*Leonard C. Hardwick,* Esq.) was approved by the court and the abatement plus interest was paid by the defendant. The plaintiff filed a motion for the allowance of expert witness fees in the amount of $750.00 together with an affidavit in support thereof. The master recommended that "the motion be denied, as a matter of law, on the basis that statutory costs cannot be recovered against a subdivision of the state without the consent of the state, and that such consent has not been given." The Superior Court, *Flynn,* J., accepted and approved the master's recommendation and denied the plaintiff's motion to allow expert witness fees as costs. The court stated: "RSA 76:17 and 17-a authorizes only the payment of interest and makes no mention of costs. See *Hayes* v. *State,* 109 N.H. 353, 356. Costs and interest are not considered one and the

same. *N.H. Water Resources Board* v. *Pera,* 108 N.H. 18, 19."
The plaintiff's exception was reserved and transferred.

In this jurisdiction costs are recoverable from the State
or its political subdivisions only if a statute expressly or
impliedly authorizes such a recovery (*Manchester Housing
Auth.* v. *Belcourt,* 111 N.H. 367, 285 A.2d 364 (1971); *Hayes*
v. *State,* 109 N.H. 253, 252 A.2d 431 (1969); *N. H. Water
Resources Board* v. *Pera,* 108 N.H. 18, 226 A.2d 774 (1967)),
and the plaintiff argues that RSA 76:17 is such an authorizing
statute. The statute reads as follows: "By Court. If the select-
men neglect or refuse so to abate, any person aggrieved,
having complied with the requirements of chapter 74, may,
within six months after notice of the tax, or having first
applied to the tax commission, within three months after
notice in writing of the decision of the tax commission, apply
by petition to the superior court in the county, which shall
make such order thereon as justice requires."

The plaintiff maintains that the superior court's statutory
authority to make such order as justice requires on the peti-
tion for tax abatement includes the authority to reimburse
the plaintiff for the full amount of the fees ($750.00) paid
to its expert witnesses and to enter a judgment against the
town. In maintaining that the order authorized by RSA 76:17
includes the authority to enter a judgment against the defen-
dant, plaintiff seeks to obtain the benefit of the holding in
*State* v. *Peter Salvucci Inc.,* 111 N.H. 259, 281 A.2d 164 (1971),
that the entry of judgment against the State authorized by
the waiver of sovereign immunity in certain contract cases
by RSA 491:8 included jurisdiction to award such costs against
the State as were authorized by pertinent statutory authority.
If the order in the case at bar were to be so treated, plaintiff
would rely upon RSA 525:14(a) (supp.) as originally inserted
by Laws 1967, 404:3 as its pertinent statutory authority for
the award of expert witness fees as costs against the defen-
dant. At the time of the tax abatement proceedings in 1970,
that statute authorized expert witness fees to be taxed as
costs upon motion of a party and order to that effect by
the superior court. The present method of allowing expert
witness fees is set forth in RSA 525:14-a(supp.) as inserted
by Laws 1971, 214:1, effective August 17, 1971.

This case is distinguishable from *Salvucci supra*. There, the legislative history and specific phrasing of RSA 491:8, first enacted in 1951, waiving sovereign immunity in certain contract cases and the legislative history of certain sections of RSA ch. 524 relating to judgments furnished a clear basis for holding that the superior court was authorized to render judgment against the State in contract cases, including the award of costs; here, the history, phrasing, and circumstances of RSA 76:17 do not. RSA 76:17 and RSA 525:1, 3 were enacted in 1842 (R.S. 44:2; R.S. 191:1, 7), with legal phrasing and effect substantially identical to their present state. Since at least 1860, RSA 525:1, 3 have been construed not to authorize of themselves the allowance of costs against the State (*State* v. *Kinne*, 41 N.H. 238 (1860)) and no case has been presented by plaintiff or found by this court in which RSA 76:17 was suggested as authority, of itself or with RSA 525:1, 3, for the allowance of costs against a municipality. RSA 525:14(a) (supp.), allowing expert witness fees as costs under certain circumstances, was first enacted in 1967. Laws 1967, 404:3; *Manchester Housing Auth.* v. *Belcourt*, 111 N.H. 367, 285 A.2d 364 (1971); *Hayes* v. *State*, 109 N.H. 353, 356, 252 A.2d 431, 434 (1969).

The phrase "as justice requires" in RSA 76:17 has been held to confer jurisdiction upon the superior court to issue equitable orders in abating taxes (*Kaemmerling* v. *State*, 81 N.H. 405, 408, 128 A. 6, 8 (1924)) and the phrase "as the court may deem just" in RSA 525:3 has been held to authorize the superior court to exercise reasonable discretion in deciding as a question of fact whether justice required the granting of a motion for costs where they are allowable. *Medico* v. *Almasy*, 108 N.H. 324, 234 A.2d 527 (1967)); *see Mudgett* v. *Melvin*, 66 N.H. 402, 34 A. 158 (1890). The discretion and equitable powers of the court although of broad scope are not unlimited (*Medico* v. *Almasy supra; see Jacques* v. *Company*, 78 N.H. 248, 250, 100 A. 47, 48 (1916)) and do not extend to the allowance of costs in this case under RSA 76:17.

The plaintiff's position that unfairness would result if the prevailing party could not recover the amount of expert witness fees paid has been urged with respect to most unreimbursed costs by many legal commentators. 6 Moore, Federal

Practice para. 54.70(2) (2d ed. 1953); Abbey, Taxation Of Costs in New Hampshire, 5 N.H.B.J. 114 (1963); Goodhart, Costs, 38 Yale L.J. 849 (1929); Comment, Distribution Of Legal Expenses Among Litigants, 49 Yale L.J. 687 (1940). Based on the concept that every person has a right to go to court, the policy of the law in New Hampshire as well as in the United States generally is not to charge a losing party with the full amount of his opponent's costs, in order not to discourage the use of courts for resolution of disputes. *Hersey* v. *Hutchins,* 71 N.H. 458, 462, 52 A. 862, 863 (1902); 77 Harv. L. Rev. 1135 (1964); Friedman, Costs: Suggestions Drawn from Sir Hollams' "Jottings of An Old Solicitor", 11 Mass. L.Q. (No. 5) 12 (1926).

*Exception overruled.*

GRIMES, J., took no part in the decision; the others concurred.