Strafford
No. 7002

DOVER HOUSING AUTHORITY

v.

HERBERT W. FEENEY *& a.*

March 31, 1975

*Burns, Bryant, Hinchey, Cox & Shea* and *Stephen M. Presnell (Mr. Presnell* orally) for the plaintiff.

*Fisher, Parsons, Moran & Temple (Mr. Harold D. Moran* orally) for the defendants.

DUNCAN, J. In this condemnation proceeding, the plaintiff authority offered in February 1973 pursuant to RSA 498-A:4 (Supp. 1973) to purchase the defendants' property in Dover for the sum of $58,000. The offer was not accepted, and the plaintiff filed a declaration of taking as provided by RSA 498-A:5 (Supp. 1973). Pursuant to RSA 498-A:11 (Supp. 1973) in August 1973 it paid the defendants the amount of its estimate of just compensation in the amount previously offered. The question of damages was assigned by the superior court to the eminent domain commission and after hearing, the commission awarded the defendants the sum of $64,000, which they accepted on March 18, 1974, without appeal. On May 8, 1974, their motion for costs consisting of expert witness fees was heard by the Superior Court *(Dunfey,* J.) and denied on May 20, 1974, upon the ground that costs incurred before the commission are not allowable. The defendants' exception was reserved and transferred.

The defendants rest their case upon the holding of this court in *Hayes v. State,* 109 N.H. 353, 252 A.2d 431 (1969) and upon RSA 525:14-a, the general statute relating to costs. *Hayes v. State supra* was an appeal to the superior court under RSA 233:17 from an assessment of damages by a highway layout commission. Since that statute expressly provided for the allowance of costs "to the prevailing party" (RSA 233:17) it was held that costs were allowable against the State in accordance with RSA ch. 525. Similar provisions appear in the eminent domain procedure act. RSA 498-A:27 (Supp. 1973) provides for a hearing de novo, on appeal to the superior court from an award by the eminent domain commission, and authorizes the court on reassessment of the damages to "award costs to the prevailing party." *State v. Wilson,* 115 N.H. 99, 333 A.2d 459 (1975).

The defendants' right to costs in the present case, however, is not governed by section 27 of the act, since they have accepted the award of the eminent domain commission, without appeal. Hence they are faced with the settled principle that costs may not be awarded against the State "unless the statute provides for it expressly or by reasonable implication." *Public Service Co. v. State,*

102 N.H. 54, 149 A.2d 874 (1959); *accord, D'Amours v. Hills,* 96 N.H. 498, 79 A.2d 348 (1951); *Holte v. Rondeau,* 105 N.H. 304, 306, 199 A.2d 100, 101-02 (1964); *N.H. Water Resources Board v. Pera,* 108 N.H. 18, 226 A.2d 774 (1967); *Tau Chapter v. Durham,* 112 N.H. 233, 293 A.2d 592 (1972).

The eminent domain procedure act (RSA ch. 498-A (Supp. 1973)) had its origin in House bill 770, introduced at the 1971 legislative session, pursuant to recommendations of the Interim Commission to Study Laws of Eminent Domain established by the 1969 legislature. As previously noted a decade earlier, the statutes relating to eminent domain provided eleven different condemnation procedures, which were incorporated by reference in at least twenty other sections of the statutes. *Manchester Housing Authority v. Fisk,* 102 N.H. 280, 155 A.2d 186 (1959). House bill 770 was designed to unify these statutory proliferations by establishing a single tribunal to determine damages in all eminent domain proceedings, subject to review on questions of law only. Manias, *Eminent Domain Procedure and the Commission System,* 14 N.H.B.J. 61 (1972).

The bill as filed contained no provision for appeal to the superior court from an award by the eminent domain commission (*Cf.* RSA 498-A:27 (Supp. 1973)), and no provision for the allowance of costs against the State, except in case of termination of the proceedings without condemnation as a result of preliminary objections by the condemnee. The latter provision, after minor amendment by the house of representatives (N.H.H. Jour. 1182-84 (1971)), appeared in section 9 of the statute as originally enacted in 1971. It provided that upon termination without condemnation, the condemnee should be entitled to "damages including costs and expenses, to be determined by the commission . . . ." Laws 1971, 526:1, 498-A:9 V.

By action of the senate in 1971, sections 27 through 29 of the bill were stricken, and new sections 27 and 28 inserted, the first of which provides for the allowance of costs on appeal after hearing by the court. N.H.S. Jour. 1544 (1971); Laws 1971, 526:1, 498-A:27, 28.

In 1973 (Laws 1973, 256:8) section 9 of the 1971 act was repealed, so that the statute now contains no provision for the allowance of costs to the condemnee by the commission. *See State v. White,* 113 N.H. 663, 666, 312 A.2d 711, 714 (1973). The same 1973 act also amended RSA 498-A:11 to provide that interest should not accrue upon the damages originally estimated

and deposited with the clerk or paid to the condemnee. Laws 1973, 256:9; RSA 498-A:11 (Supp. 1973). The 1971 provisions of RSA 498-A:27 for the payment of costs following trial de novo on appeal remained unchanged.

The statute in its present form contains no express provision for the allowance of costs to the defendants in the case before us. Taken as a whole, the decided cases, and the history of the legislative action with respect to the allowance of costs against the State in condemnation cases, afford no basis from which to imply a purpose to permit the allowance of such costs when the award of the eminent domain commission is accepted by the condemnee, and judgment is entered thereon. *Tau Chapter v. Durham,* 112 N.H. 233, 293 A.2d 592 (1972); *N.H. Water Resources Board v. Pera,* 108 N.H. 18, 226 A.2d 774 (1967); *see Manchester Housing Auth. v. Belcourt,* 111 N.H. 367, 285 A.2d 364 (1971). It follows that the ruling of the trial court is sustained.

*Exception overruled; remanded.*

All concurred.