Grafton,
June 26, 1915.

### WILLIAM H. MOSES *v.* GEORGE C. CRAIG.

Whether a party has been guilty of misconduct which requires the withdrawal of a case from the jury and its continuance to the next term is a question determinable by the trial court.

Where a continuance is rendered necessary by the misconduct of a party, terms may be imposed as in the case of a continuance required by necessity; and if the offending party accepts the continuance and proceeds with the litigation, he will be held to have elected to pay the terms imposed.

In the absence of a general rule providing for continuances for misconduct, the court has authority in a particular case to make such special orders as justice requires.

TRESPASS *quare clausum.* Because of the defendant's misconduct before the jury in the court room and also at a view taken in the course of the trial, the court withdrew the case from the consideration of the jury, ordered it continued, and made the following order as terms: The plaintiff to have full costs up to and including this term; the defendant to tax no costs prior to next term, in any

event; and in taxing the plaintiff's costs, the item of attorney fee is to be taxed at $50. The defendant excepted to the foregoing order. Transferred from the November term, 1914, of the superior court by *Sawyer*, J.

*Shannon & Tilton*, for the plaintiff.

*Alvin F. Wentworth*, for the defendant.

PARSONS, C. J. Whether the defendant was guilty of misconduct requiring the withdrawal of the case from the jury and its continuance to the next term is a question of fact for the trial court. Though the defendant did not formally move for a continuance, his conduct making the continuance necessary was an insistent demand for such continuance, and the order imposing terms was within the principle of the rules of court providing that continuances required by the necessities of a party should be made upon terms. Rules 30, 32,—71 N. H. 680.

Doubtless the defendant may elect to become default. If he does, the question whether he can be charged costs beyond the fee bill may be raised. If, however, the defendant accepts the continuance offered and goes on with the case, he will be held to have elected to pay the terms imposed. · *Follansby* v. *Smith*, 46 N. H. 137.

By section 5, chapter 204, Public Statutes, the court is authorized to "establish rules and orders of practice, consistent with the laws, for conducting and regulating its business." Misconduct such as the defendant's has not hitherto been of such frequent occurrence as to require a general rule providing that when a continuance is rendered necessary by the misconduct of a party the continuance shall be ordered on terms sufficient to indemnify the innocent party. But the court has authority, when justice requires, to make a special rule for a particular case. *Hutchinson* v. *Railway*, 73 N. H. 271, 282; *Petition of Rindge*, 54 N. H. 106, 108; *Deming* v. *Foster*, 42 N. H. 165, 178.

*Exception overruled.*

All concurred.