Strafford,  
Oct. 5, 1926.

EMMET FLANNAGAN, *by his next friend,* v. PROSPER SHEVENELL & SON, INC.

The superior court may suspend a general rule in a particular case.

A plaintiff, going to hearing on a petition generally, without objection to the defendant's failure to file an answer, waives the rule that a petition if not answered is to be taken *pro confesso.*

Errors in an original decree may be corrected on motion to set aside the decree, without giving the moving party a right to a new trial generally.

There is no presumption that disability suffered by a petitioner under the workmen's compensation act will continue for the full statutory period for which compensation may be allowed. The actual or prospective duration of the disability must be proved by the plaintiff.

PETITION, for assessment of compensation under Laws 1911, *c.* 163. Verdict for plaintiff, who, claiming an inadequate verdict, excepted to certain findings and rulings. Transferred by *Sawyer*, C. J.

*Dennis McDonough,* for the plaintiff.

*Lucier & Lucier,* for the defendant.

ALLEN, J. Three of the exceptions are taken to findings on the ground that there was no evidence to support them. The record shows that the findings were reasonably warranted as inferences from the evidence.

One exception relates to findings inconsistent with the averments of the petition on the ground that the defendant, not. filing an answer, admitted the avernments, which were therefore to be taken *pro confesso* in accordance with rule 117 of the superior court. The superior court may suspend a general rule in a particular case. *Petition of Rindge*, 54 N. H. 106, 108; *Hutchinson* v. *Railway*, 73 N. H. 271, 283; *Moses* v. *Craig*, 77 N. H. 586, 587. Furthermore, the hearing on. the petition generally and of all matters in issue without objection from the plaintiff must be found to constitute a waiver of any rights under the rule.

Another exception is to the court's action in finding further facts in its amended decree upon a motion to set aside the original decree. The correction of an error in the original decree was the only modification of it. Since the motion to set aside the decree was based on a claim of errors, it is not perceived how their correction so far as they are found is not within the court's province. The motion necessarily called for such correction as within its scope. The error did not affect the other findings, or the general verdict except as it was corrected in connection with the correction of the error, and there was therefore no right to a new trial generally. *West* v. *Railroad*, 81 N. H. 522, 533, 534.

The exception to the court's refusal to place on the defendant the burden of showing that a disability proved would not continue for the statutory limit of time is also overruled. The act contains the provision that on a petition the judgment for the plaintiff "shall be for a lump sum equal to the amount of payments then due and prospectively due" under the act. Laws 1911, *c*. 163, *s*. 9. By section 6 the weekly payment therein provided for is in no event to extend over three hundred weeks from the date of the accident, and "such payment shall continue for such period . . . provided . . . disability continue during such period." This language makes no assumption of a continuance of disability for the full period of time in the absence of proof of a shorter time, but on the contrary implies a continuance only for such time as is proved, in accordance with the usual requirement as to proof placing its burden on the plaintiff.

The last exception is on the ground that "the original and

amended decree are contrary to the law, the evidence and the weight of the evidence." So far as it presents any question of law, no argument has been made to support it and no reason for its maintenance suggests itself.

*Exceptions overruled.*

All concurred.