Hillsborough,
No. 4584.

JOSEPHINE CNAEPS, *Adm'x v.* ROGER BROWN, JR.

Argued October 1, 1957.

Decided November 5, 1957.

*Green, Green, Romprey & Sullivan* and *William D. Tribble (Mr. Tribble* orally), for the plaintiff.

*Craig & Craig (Mr. William H. Craig, Jr.* orally), for the defendant.

KENISON, C. J. The governing statute in this case, although originally enacted by Laws 1937, chapters 41 and 169, and since used extensively, has not been the subject of definitive judicial construction since its enactment. *Merchants Mut. &c. Co.* v. *Kiley,* 92 N. H. 323. The statute reads as follows: "SETTLEMENTS IN BEHALF OF MINORS. No settlement, the amount of which exceeds seven hundred and fifty dollars, of any suit brought in behalf of an infant by parent or next friend shall be valid unless approved by the court in which the action is pending or to which the writ is returnable. The court may make all necessary orders for protecting the interests of the infant, and may require the guardian *ad litem,* parent, or next friend, to give bond to truly account for all money received in behalf of the infant." RSA 462:2.

The purpose of RSA 462:2 and analogous statutes is to provide a method by which the settlement of a minor's claim will be fair when made and the proceeds will be preserved and properly applied for the benefit of the minor thereafter. Dixon, Settlement of Minors' Tort Claims, 92 Trusts & Estates 728 (1953). On occasion friendly settlements and so-called "friendly suits" have been subject to abuse, disadvantageous to the minor's interest and of uncertain validity. *Roberts* v. *Hillsborough Mills,* 85 N. H. 517. The statutory requirement of court approval prior to settlement was designed to ameliorate these conditions. Recommendations to Improve and Simplify the Practice Relating to the Settlement of An Infant's Claim, N. Y. Judicial Council Report 193-212 (1947). The further provision that the "court may make all necessary orders for protecting the interests of the infant" was clearly designed to prevent either parents or strangers from using the proceeds of a settlement fund improperly. Note, 20 Cornell L. Q. 523; Driscoll, Liability for Injuries to Minors and Discharge of Such Liability, Proc. Section of Insurance Law A. B. A. 126 (1948).

Counsel are in agreement that the settlement fund was in *custodia legis* and not subject to garnishment, or trustee process as it is denominated in this state (*Tucker* v. *Chick,* 67 N. H. 77), without permission of the court first obtained. However, counsel take opposing positions on the issue whether trustee process was available with court permission to reach the bank account to satisfy any tort judgment that the plaintiff might recover. No

case decisive of that issue has been cited by either party.

One of the factors bearing on the construction of RSA 462:2 is the rule that infants may be held liable for their torts. *Smith* v. *Bailey,* 91 N. H. 507; *Stearns* v. *Wallace,* 59 N. H. 595; Prosser, Torts (2nd *ed.* 1955) 788. Another factor is the generally unlimited and broad scope of our statutes which permit attachment and trustee process to issue in law and equity without the existence of special circumstances. RSA 511:1; RSA 512:1; RSA 498:16; RSA 511:60. In this connection it may be noted that it was not until 1953 that there existed any statutory remedy for unreasonable and excessive attachments. RSA 511:53 (supp.); Laws 1953, c. 124; Laws 1955, c. 21. "Authority conferred by statute to attach property on writ of attachment is practically unrestricted . . . The authority to institute actions by trustee process is nearly as comprehensive . . . The broad power conferred upon the plaintiff to secure his claim by attachment and trustee process finds few parallels in other jurisdictions." Fourth N. H. Judicial Council Report 37 (1952). When RSA 462:2 is considered in the light of these statutes they disclose a policy to protect the rights of an infant to obtain and hold what is due him for his benefit, but not to shield him from legal liability or to insulate him completely from the claims of those injured by his negligence. The thrust of RSA 462:2 was to allow the court to protect the interests of the infant so far as possible but not to grant immunity from his own liabilities.

The Presiding Justice had authority to permit trustee process against the bank account of the defendant and therefore it is unnecessary to consider other arguments advanced by the plaintiff in support of the Court's order.

*Exceptions overruled.*

All concurred.