Merrimack,
No. 5852.

### Humphreys Corporation *v.* Margo Lyn, Inc.

Argued May 6, 1969.
Decided July 30, 1969.

*Sulloway, Hollis, Godfrey & Soden* and *Michael R. Callahan* (*Mr. Callahan* orally), for Humphreys Corporation.

*Shute, Engel & Frasier* and *Gerald B. Stratton* (*Mr. David C. Engel* orally), for Margo Lyn, Inc.

Griffith, J. Humphreys Corporation brought suit in Merrimack county against Margo Lyn, Inc. claiming a balance due on a conditional sales contract for an air conditioning installation. Margo Lyn, Inc. subsequently brought suit in Rockingham county against Humphreys Corporation alleging breach of contract and negligence arising out of the installation of the air conditioning. The cases were consolidated for trial in Merrimack county.

Humphreys Corporation submitted eleven written interrogatories to Edward H. Simon in his capacity as president, treasurer and director of Margo Lyn, Inc. Answers to the interrogatories being refused Humphreys Corporation filed a motion to compel answers. On December 4, 1967 the Trial Court (*Bownes, J.*) after hearing ordered Margo Lyn, Inc. to answer certain of the questions and denied the plaintiff's rights to have others answered. The exception of Margo Lyn, Inc. to the order compelling answers was transferred by the Trial Court.

The questions ordered answered by the Trial Court were as follows:

"(1) Other than agents or servants of the plaintiff, how many persons having knowledge of air conditioning systems have been

consulted by you or some other agent or servant of Margo Lyn, Inc., with regard to the adequacy or efficiency of the air conditioning system installed by the plaintiff in the store owned by Margo Lyn, Inc. and located on Route 125 in Plaistow, New Hampshire?

"(2) Please identify all such persons by name and address.

"(3) Please state the date or dates upon which each of said persons examined the air conditioning system installed by plaintiff in said store owned by Margo Lyn, Inc. relating such date or dates to the name of the person or persons so examining.

"(4) Please state the date or dates upon which each of said persons examined plans for the air conditioning system installed by plaintiff in said store owned by Margo Lyn, Inc. relating such date or dates to the name of the person or persons so examining.

"(5) Please state the date or dates upon which each of such persons made reports to you or some other agent or servant of Margo Lyn, Inc. relating such date or dates to the name of the person or persons so reporting and indicating whether such report was oral or written.

"(6) Please state the date or dates upon which each of said persons provided you or some other agent or servant of Margo Lyn, Inc. with a diagram, or scheme, or plan or other recommendations for modifying the air conditioning system installed by plaintiff in said store owned by Margo Lyn, Inc. or for providing an alternative thereto. . . .

"(11) If the activity of some person other than Edward H. Simon is involved in your answers to any of the foregoing interrogatories, please state the name and address of such person relating the same to the answer with which his activities were concerned."

Counsel for Margo Lyn, Inc. has taken an absolute approach to the disclosure requested both in the Trial Court and in this court. They advance two arguments in support of their position that the Trial Court abused its discretion in ordering them to answer any of the questions.

They argue first that the witness is excused from giving the names of any of the witnesses by virtue of RSA 516:23 which states that no party shall be compelled in a deposition to disclose the names of his witnesses. This exemption has never extended

to a corporation's agents or employees (*Bradley's Petition*, 71 N. H. 54) and is without merit.

Margo Lyn, Inc. also argues that interrogatories may not be used to pry into an opponent's case. In *Ingram* v. *Railroad*, 89 N. H. 277 it was said it would not prevent incidental disclosure of defendant's evidence necessary to the plaintiff's case. In *Gibbs* v. *Prior*, 107 N. H. 218, 222 it did not prevent discovery of evidence common to both parties' cases. The Trial Court may permit discovery over this objection if the evidence sought would aid the party either in his own case or in defending against the case of the other party. *Riddle Spring Realty Co.* v. *State*, 107 N. H. 271; *Scontsas* v. *Citizens Ins. Co.* 109 N. H. 386. See *Hartford Accident &c. Co.* v. *Cutter*, 108 N. H. 112.

The immovable object resistance to discovery with intermediate appeal to this court does not advance the law of discovery. Discovery is a two-way street and ordinarily will be best accomplished by direct exchange between counsel with only occasional resort to the Trial Court. In opposing discovery in the Trial Court counsel should exercise discrimination as to the limitations sought. For example in the instant case full answers to the interrogatories may require Margo Lyn, Inc. to disclose the names of experts consulted that they do not propose to call as witnesses. We indicated in *Riddle Spring Realty Co.* v. *State*, 107 N. H. 271, 278 that in the absence of unusual circumstances such an order would tend to confuse rather than clarify the issues. Accordingly counsel for Margo Lyn, Inc. may request the Trial Court to limit the present order of discovery under the rule of *Riddle Spring Realty Co.* v. *State*, *supra*.

*Exception overruled.*

All concurred.