488 P.2d 112

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**E. R. DOWNING, Defendant-Appellant.**

**No. 677.**

Court of Appeals of New Mexico.
July 30, 1971.

D. D. Archer, Artesia, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was convicted of issuing two worthless checks contrary to § 40–49–4, N.M.S.A.1953 (Repl. Vol. 6). He claims the evidence is insufficient to sustain the convictions.

 As to the first check, he claims it was post-dated and the Worthless Check Act does not apply to any post-dated check. Paragraph B of § 40–49–6, N.M.S.A. 1953 (Repl. Vol. 6). We agree.

It was stipulated that the hay, which was sold to defendant, was weighed on the 25th of June. The payee of the first check testified twice that if the hay was weighed on the 25th of June, he accepted the check on that date. In other testimony the payee testified that he didn't remember when he accepted the check. He also testified, in answer to the court's question as to whether it was a post-dated check: "Not to my knowledge, it wasn't." The payee's lack of knowledge as to whether it was a post-dated check does not contradict his testimony that the check was accepted on the date the hay was weighed, which was June 25th. The check was dated June 30th; thus, it was post-dated and neither evidence nor inference contradicts this. The Worthless Check Act does not apply to post-dated checks. Section 40–49–6(B), supra. The defendant's motion to dismiss the charge as to the first check should have been sustained. The conviction, based on the first check, is reversed.

 Defendant claims the Worthless Check Act and, therefore, § 40–49–4, supra, is not applicable to the second check. He relies on Paragraph A of § 40–49–6, supra, which makes the Act inapplicable to a check " * * * where the payee * * has reason to believe that the drawer did not have on deposit or to his credit with the drawee sufficient funds to insure payment on its presentation; * * * " The issue as to the applicability of this provision was submitted to the jury on conflicting evidence. Reviewing this evi-dence, and resolving the conflicts in favor of the State as the jury necessarily did by its verdict, State v. Harrison, 81 N.M. 623, 471 P.2d 193 (Ct.App.1970), there is substantial evidence that the payee did not come within the above provision of § 40–49–6, supra.

The judgment and sentence based on the check dated June 30th is reversed. The judgment and sentence based on the check dated July 20th is affirmed. The cause is remanded with directions to proceed in a manner not inconsistent herewith.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.