Strafford
No. 6664

RESERVE INSURANCE COMPANY

v.

RUDOLPH DIMAMBRO,
GUARDIAN AD LITEM FOR AUDREY DIMAMBRO, & a.

October 31, 1973

*Boynton, Waldron, Dill & Aeschliman (Mr. Richard E. Dill* orally) for the plaintiff.

*Joseph P. Nadeau,* for the defendants Dimambro, filed no brief.

*Robert L. Cullinane,* for the defendant William D. Blake, filed no brief.

GRIFFITH, J. Plaintiff seeks here by way of a declaratory judgment to have the superior court review the settlement of a minor's claim under the uninsured motorist provision of its policy. The Trial Court, *Mullavey,* J., denied plaintiff's petition and reserved and transferred its exception to the denial.

Audrey Dimambro was 14 years of age when she received severe injuries in an automobile accident on February 7, 1971. At the time of the accident she was a passenger in a car owned and operated by plaintiff's insured, Brian Chase, which was in collision with a car operated by William D. Blake, an uninsured motorist.

Plaintiff's policy provided uninsured motorist coverage in the amount of $15,000 and required arbitration of disputed claims. Claim was made on behalf of Audrey and her father through counsel and settled prior to any arbitration hearing. Plaintiff claims that they are entitled to seek approval of

the settlement from the superior court under the provisions of RSA 462:2. This statute provides that no settlement of a suit on behalf of an infant in excess of $750 shall be valid without court approval. It further authorizes the court to make necessary orders to protect the proceeds recovered by an infant in a suit.

RSA 462:2 was first enacted by Laws 1937, chs. 41 and 169 and is now supported in its present form by Superior Court Rule 98 (1972) detailing the form of a petition for settlement approval and the information required. The purpose of the statute was to provide a method for a fair settlement of minor's suits and assurance that the proceeds would be preserved and properly used for the benefit of the minor. *Cnaeps v. Brown,* 101 N.H. 116, 135 A.2d 721 (1957); *cf. Merchants Mut. &c. Co. v. Kiley,* 92 N.H. 323, 30 A.2d 681 (1943); *Beliveau v. Amoskeag Manufacturing Co.,* 68 N.H. 225, 40 A. 734 (1894). Twenty years after the first enactment of RSA 462:2, New Hampshire became the first State to require uninsured motorist coverage as a standard feature of automobile liability insurance issued in the State. *Carrignan v. Allstate Ins. Co.,* 108 N.H. 131, 229 A.2d 179 (1967); *McCaffery v. St. Paul Fire and Marine Ins. Co.,* 108 N.H. 373, 236 A.2d 490 (1967). Policies issued with uninsured motorist coverage with the approval of the insurance commissioner provide for compulsory arbitration of any disputes. The arbitration provision has been upheld and while it does not prevent a claimant from bringing suit against an uninsured motorist, he may not pursue the claim to judgment without permission of the insurance company and even then the claim against the insurance company may be subject to arbitration. *Kirouac v. Healey,* 104 N.H. 157, 181 A.2d 634 (1962).

The plaintiff asks us to rule that the provisions of RSA 462:2 are applicable to a minor's claim that according to the terms of the policy cannot be determined by suit against the insurance company. Initially the petition for declaratory judgment suggested the matter would be brought before the court by suit against the uninsured motorist but in its brief plaintiff now argues that it should be by suit against the insurance company. Either of these proposals would require

us "to add terms to the statute which the Legislature did not see fit to include." *Sigel v. Boston & Maine R.R.,* 107 N.H. 8, 23, 216 A.2d 794, 805 (1966). The proposal of the plaintiff would require the court by means of a fictitious suit against the insurer to review a settlement reached in arbitration proceedings which, if approved, would result in a judgment in court forbidden by the insurance contract. If the settlement were not approved, apparently the suit would then be dismissed and the claim determined by arbitration. In our opinion, the superior court does not have jurisdiction under RSA 462:2 in its present form to approve settlements of uninsured motorist claims by minors against an insurer.

The plaintiff further argues that unless approval can be obtained under RSA 462:2, a valid settlement of an uninsured motorist claim cannot be made with a minor because of the rule that in the absence of court procedure a release by a father and next friend of a minor will not bar the latter's rights. *Merchants Mut. &c. Co. v. Kiley,* 92 N.H. 323, 30 A.2d 681 (1943). This argument ignores other procedures that may be available to the plaintiff as suggested in *Roberts v. Hillsborough Mills,* 85 N.H. 517, 519, 161 A. 29, 30 (1932), under RSA ch. 463.

*Petition dismissed.*

All concurred.