Grafton
No. 6703

STATE OF NEW HAMPSHIRE

v.

ARCHIE C. WHITE AND IONA F. WHITE

November 30, 1973

*Warren B. Rudman,* attorney general, and *John C. Boeckeler,* attorney (*Mr. Boeckeler* orally), for the State.

*Baker & Page (Mr. William A. Baker* orally) for the defendants.

GRIFFITH, J. The State in this case filed in court in accordance with the provisions of RSA 498-A:5 (Supp. 1972) a declaration of taking of certain lands of the defendants. Defendants filed preliminary objections to the taking in accordance with RSA 498-A:9 (Supp. 1972). The Trial Court (*Batchelder,* J.) transferred on the pleadings all questions of law raised by certain objections of the defendants contained in their preliminary objections.

A problem is created by the fact that although the purpose of the preliminary objections may be to stop the taking, by agreement of the parties in this case the taking has been completed and construction of the bridge project of the State has been in progress since January 11, 1973. The fact that construction was permitted to proceed by agreement "without prejudice" to the rights of the defendants to pursue their appeal does not change the practical result of the parties' agreement. In the event the defendants were to prevail, there is no way that either this court or the superior court could now reverse the taking by the State. Indeed defendants in their brief quite frankly state that they do not seek to suspend the project. While this renders the case moot, we have never treated mootness as subject to rigid rules but rather one of convenience and discretion. *Hood & Sons v. Boucher,* 98 N.H. 399, 401, 101 A.2d 466, 468 (1953). "A decision upon the merits may be thought justified where there is a pressing public interest involved . . . or future litigation may be avoided." *State v. Swift,* 101 N.H. 340, 342, 143 A.2d 114, 116 (1958); *Herron v. Northwood,* 111 N.H. 324, 327, 282 A.2d 661, 663 (1971). Both parties here have attempted in good faith to transfer the questions raised by the pleadings and since future litigation in this form may be avoided, we deem it expedient to deal with the questions transferred. *Cf. Bedford v. Lynch,* 113 N.H. 364, 308 A.2d 522 (1973).

Defendants' first objection is that the taking was improper because the appraisal made by the State in accordance with the requirements of RSA 498-A:5 (Supp. 1972) was made by a staff appraiser of the department of public works and highways. While agreeing that appraisal by an employee of the State was proper under the statute as evidenced by its

legislative history (N.H.S. Jour. 1545 (1971)), they argue that the use of a staff appraiser places a burden upon the State to show him "impartial," as he is required to be by RSA 498-A:4 I (a) (Supp. 1972).

We find no basis to hold that a person employed by a condemnor to make an appraisal may be presumed biased by the fact that he is regularly employed to make appraisals rather than employed for a particular appraisal. Neither this fact nor the opinion of the defendants is material on the partiality of the appraiser. *Hutchinson v. Railway*, 73 N.H. 271, 275, 60 A. 1011, 1013-14 (1905). The pleadings on this point by the defendants furnished no basis for a ruling that the State appraiser was not impartial as required by the statute.

The other objection of the defendants is that the notice of offer on which the declaration of taking is based does not comply with RSA 498-A:4 II (a) (4) (Supp. 1972) which requires statement of "[t]he amount of compensation offered and the basis of such offer . . . . " The notice of offer here was in the amount of $10,000 and recited that it was "based on an appraisal of your property made in conformance with State laws, rules and regulations." It further appeared from the pleadings that in conformity with RSA 498-A:4 II (c) (Supp. 1972) the State had made public a complete list of all offers on the project "showing the name of each condemnee and the amount of the offer in each case, including the value of the property before and after the taking and the amount of the severance damages if any." Defendants claim that the statute requires the notice to give the basis of the appraisal in addition to the basis of such offer. This would require us "to add terms to the statute which the Legislature did not see fit to include." *Sigel v. Boston & Maine R.R.*, 107 N.H. 8, 23, 216 A.2d 794, 805 (1966); *Reserve Ins. Co. v. Dimambro*, 113 N.H. 589, 311 A.2d 294 (1973). The interpretation that the defendants urge is further negated by the clarifying amendment to this section of the statute in Laws 1973, 256:3 which in place of the words "basis of such offer" states "whether said offer is based on the appraisal required by RSA 498-A:4 I (a), or on some other basis . . . ." *Id.* In our opinion it appears from the pleadings that the

State has fully complied with RSA 498-A:4 II (a) (4) (Supp. 1972).

RSA ch. 498-A (Supp. 1972) was enacted by Laws 1971, 526:1 and replaces all other methods of condemnation of property. *See* Manias, *Eminent Domain Procedure and the Commission System,* 14 N.H.B.J. 61 (1972). In addition to eliminating the necessity of initial appeal by a condemnee from the condemnor's offer, it provides a new tribunal to give quick informal hearings to condemnees dissatisfied by the offer of the condemnor. It also directs the superior court to provide an immediate forum for determination of the validity of a taking.

"The court shall determine promptly all preliminary objections and make such preliminary and final orders and decrees as justice shall require .... The court may allow amendment or direct the filing of a more specific declaration of taking." RSA 498-A:9 (Supp. 1972).

This language mandates an initial and usually final determination at the trial level of all matters relating to the declaration of taking. It obviously contemplates that the trial court after hearing will direct action by the condemnor to cure any valid objections of the condemnee. Because time is generally of the essence in the commencement of a project, as was the case here, the statute provides for a prompt determination of these preliminary matters. We suggest that ordinarily discovery such as the defendants apparently seek and the determination of preliminary objections can be obtained more expeditiously and satisfactorily at the trial level. *See Humphreys Corp. v. Margo Lyn, Inc.,* 109 N.H. 498, 500, 256 A.2d 149, 151 (1969). This opinion is confirmed by the action of the legislature in Laws 1973, 256:8 which repealed RSA 498-A:9 relating to preliminary objections and Laws 1973, 256:10 which eliminated as a prerequisite to assignment of the matter to the commission the determination of preliminary objections.

*Defendants' preliminary objections dismissed; remanded.*

All concurred.