THE STATE OF NEW HAMPSHIRE

v.

CHARLES JACKSON

June 27, 1996

*Jeffrey R. Howard*, attorney general (*John C. Kissinger, Jr.*, assistant attorney general, on the brief and orally), for the State.

*Diane M. Nicolosi*, public defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Charles Jackson, was convicted of aggravated felonious sexual assault, *see* RSA 632-A:2, I(b) (Supp. 1995), after a jury trial in Superior Court (*Mohl*, J.). On appeal, he argues that the trial court erroneously instructed the jury on the elements of the crime and on the defense of consent. We reverse and remand.

Except where noted, the State and the defendant agree to the following facts. On December 22, 1993, after a long evening of consuming alcoholic beverages at several drinking establishments, a small group of people returned to a residence in Rochester; the group included the defendant, codefendant Jeffrey J. Levesque, the victim, and two of her female friends. The victim had been drinking heavily and testified that she had no memory of the events that occurred once the group left the final drinking establishment they visited that evening. There was conflicting testimony regarding the victim's ability to walk unaided once the group returned to the residence. At some point during the hours that followed their return to the residence, both the defendant and Levesque had sexual intercourse with the victim.

The defendant and Levesque were each indicted on one count of aggravated felonious sexual assault, for knowingly engaging "in sexual penetration with another person when such other person was physically helpless to resist." *See* RSA 632-A:2, I(b). Both defendants relied on the defense of consent, *see* RSA 626:6 (1986), arguing that the victim not only was conscious but that she actively participated in intercourse with each of the defendants. The defendant was convicted, while Levesque was acquitted.

On appeal, the defendant argues that he should be granted a new trial because the trial court erroneously instructed the jury on the defense of consent. The purpose of a trial court's jury instructions "is to state and explain to the jury, in clear and intelligible language, the rules of law applicable to the case." *State v. Cegelis*, 138 N.H. 249, 252, 638 A.2d 783, 785 (1994). We review the propriety of a particular instruction in the context of the charge as a whole to determine if the court's charge "fairly covers the issues and law of a case," *id.* at 252, 638 A.2d at 784 (quotation omitted), and we will reverse a jury verdict rendered after erroneous instructions only if the trial court abused its discretion, *id.* at 251, 638 A.2d at 784.

The trial court correctly instructed the jury on the "physically helpless to resist" element of the State's charge under RSA 632-A:2, I(b), including the following language:

> [T]he State must prove that the victim at the time of the sexual penetration by the defendant was *physically helpless to resist*. It is not necessary for you to find that the victim was unconscious or in any particular state of intoxication at the time of the offense, only that she was physically incapable of resisting sexual penetration by the defendant.

(Emphasis added.) The defendant claims error in the following part of the court's instruction on consent:

> Consent is not a defense if given by a person who is unable to exercise reasonable judgment as to the harm involved and if the defendant knew that the person was unable to exercise reasonable judgment. If the person could not exercise reasonable judgment because the person was too young, *physically helpless to resist,* intoxicated, mentally ill or under the influence of drugs, then consent is not a defense.

(Emphasis added.) The defendant argues that the inclusion of the "physically helpless to resist" language in the instruction on consent improperly amended RSA 626:6, III and was erroneous as a matter of law. *See Cegelis,* 138 N.H. at 251–52, 638 A.2d at 784–85. We agree.

██ ██ Once a defendant in an aggravated felonious sexual assault case raises the defense of consent, the State must prove beyond a reasonable doubt that the victim did not consent. *State v. Cooper,* 135 N.H. 258, 261, 603 A.2d 499, 501 (1992). The issue of consent involves "the victim's objective manifestations of her unwillingness to engage in the charged conduct . . . [and] thus concerns the victim's demonstrative and verbal conduct." *Opinion of the Justices (Certain Evidence in Sexual Assault Cases),* 140 N.H. 22, 25, 662 A.2d 294, 295–96 (1995) (citation omitted). Although physical resistance is relevant to a determination of the absence of consent, the absence of physical resistance is not dispositive of the issue. *State v. Hunter,* 132 N.H. 556, 560, 567 A.2d 564, 567 (1989). The question, rather, is "whether a reasonable person in the circumstances would have understood that the victim did not consent." *State v. Ayer,* 136 N.H. 191, 196, 612 A.2d 923, 926 (1992).

RSA 626:6, III provides:

> Consent is no defense if it is given by a person legally incompetent to authorize the conduct or by one who, by reason of immaturity, insanity, intoxication or use of drugs is unable and known by the actor to be unable to exercise a reasonable judgment as to the harm involved.

This provision eliminates the defense of consent in cases where the victim was, and the perpetrator knew the victim was, unable to exercise reasonable judgment at the time of the charged act. *Id.* There is no physical element to the "reasonable judgment" to which this section refers. "Judgment" when used in this way means "the

action of judging . . . [or] the mental or intellectual process of forming an opinion or evaluation by discerning and comparing." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1223 (unabridged ed. 1961). The absence of ability physically to resist does not bear one way or another on the ability to "exercise a reasonable judgment." RSA 626:6, III.

■ A mutual cause, such as intoxication or the use of drugs, may lead to the materially different effects of being "physically helpless to resist," RSA 632-A:2, I(b), and being "unable to exercise a reasonable judgment as to the harm involved" in following a particular course of conduct, RSA 626:6, III. This does not mean that one condition always implies the other, however. Because the trial court improperly included proving "physically helpless to resist" as a means of proving the lack of reasonable judgment, its instruction was erroneous.

■■ Even viewing this error in the context of the entire charge, *see Cegelis*, 138 N.H. at 252, 638 A.2d at 784, we conclude that the trial court abused its discretion by mixing an element of the charged crime, the victim's physical ability to resist, with an element of the defendant's defense. If it followed the instructions as given, which we assume that it did, *see State v. LaVerne*, 83 N.H. 419, 421, 143 A. 594, 596 (1928), the jury could have found the absence of ability to exercise reasonable judgment based solely on a finding that the victim was physically helpless to resist. The legislature did not include the physical ability of the victim to resist in its list of conditions that might prevent exercise of the reasonable judgment necessary to consent, *see* RSA 626:6, III, and we decline "to add terms to the statute which the Legislature did not see fit to include." *State v. White*, 113 N.H. 663, 665, 312 A.2d 711, 713 (1973) (quotation omitted). The instructions as a whole, therefore, did not "fairly cover the issues of law in the case," *State v. W.J.T. Enterprises*, 136 N.H. 490, 494, 618 A.2d 806, 808 (1992), and the defendant's conviction must be reversed.

*Reversed and remanded.*

All concurred.