Rockingham
No. 95-447

THE STATE OF NEW HAMPSHIRE

v.

PHILIP FITANIDES

September 30, 1996

*Jeffrey R. Howard*, attorney general (*Mark S. Zuckerman*, assistant attorney general, on the brief and orally), for the State.

*Tardif, Shapiro & Cassidy*, of Concord (*R. Peter Shapiro* on the brief and orally), for the defendant.

BROCK, C.J. The defendant, Philip Fitanides, appeals his conviction of issuing a bad check, *see* RSA 638:4 (1996), after a jury trial in Superior Court (*Gray*, J.). We affirm.

The following facts were adduced at trial. In November and December 1993, the defendant purchased Christmas trees from Paul Vrusho, to be sold at the defendant's business in Hooksett. At some point during January or on February 1, 1994, the defendant gave Vrusho a check dated February 1, 1994, in the amount of $2,500. The check was drawn on the Bank of New Hampshire, under the title, "Astro Spectacular, Inc. (1985) Specialty Fireworks; Philip E. Fitanides, President." The following legend was typed on the back of the check: "Please call before depositing."

Vrusho deposited the check into his own bank account on February 2, 1994. The check was returned unpaid by the Bank of New Hampshire for insufficient funds. After discussing the problem with the defendant, Vrusho deposited the check a second time; it was again returned for insufficient funds and was marked, "Do not redeposit." Vrusho contacted the police after the defendant failed to respond to a letter demanding payment of the amount of the dishonored check. *See* RSA 638:4, III. The defendant's bank records indicate that the balance in this account did not exceed $2,000 in February or March 1994.

On appeal, the defendant argues: (1) that the check was postdated and therefore is not subject to the prohibitions contained in RSA 638:4; and (2) that the trial court erred in instructing the jury that it should not consider whether the defendant ever intended to pay the amount owed when it considered his guilt or innocence.

RSA 638:4, I, provides that "[a] person is guilty of issuing a bad check if he issues or passes a check for the payment of money and payment is refused by the drawee." In addition, RSA 638:4, IV(b) requires the State to prove that the person issuing the check issued it "knowing or believing that the check would not be paid by the drawee."

Relying heavily on a New Mexico case, the defendant first argues that a postdated check, as a matter of law, falls outside the ambit of RSA 638:4. *See State v. Downing*, 488 P.2d 112, 113 (N.M.

Ct. App. 1971) (holding New Mexico worthless check law inapplicable to postdated check). We reject this argument. The New Mexico statute construed in *Downing* expressly excepted postdated checks from its prohibitions, and is therefore unhelpful to our analysis in this case. *See* N.M. Stat. Ann. § 30-36-6(B) (Michie 1989) (worthless check law "does not apply to . . . any post-dated check"). "A postdated check is nonetheless a check . . . . It is payable on demand on or at any time after the day of its date. Its effect is the same as if it had not been issued until that date." 11 AM. JUR. 2D *Bills and Notes* § 19, at 49 (1963); *see* RSA 382-A:3-104(a), (f) (1994) (defining "check" under Uniform Commercial Code); RSA 382-A:3-113(a) (1994) (allowing checks to be postdated under Uniform Commercial Code); *Morrison v. Shanwick Intern. Corp.*, 804 P.2d 768, 773 (Ariz. Ct. App. 1990). We hold that postdated checks are not exempt from the prohibition contained in RSA 638:4.

■  The defendant next argues that the trial court erred in its response to a question posed by the jury during its deliberations. Although imperfectly preserved in the record, the question seems essentially to have asked whether the jury could consider the defendant's intent *ever* to pay Vrusho the amount owed. The trial court responded in the negative. We agree.

"The purpose of a trial court's jury instructions is to state and explain to the jury, in clear and intelligible language, the rules of law applicable to the case." *State v. Jackson*, 141 N.H. 152, 153, 679 A.2d 572, 574 (1996) (quotation omitted). We review the trial court's answer to a jury inquiry in the context of the court's entire charge, *see State v. Seymour*, 140 N.H. 736, 746, 673 A.2d 786, 794, *cert. denied*, 117 S. Ct. 146 (1996), to determine whether the answer accurately conveys the law on the question and whether the charge as a whole fairly covered the issues and law in the case, *see Jackson*, 141 N.H. at 153, 679 A.2d at 574.

■■  The elements of the crime of passing a bad check are (1) that the defendant issued or passed a check for payment; (2) that the defendant knew or believed that the drawee bank would not pay the check; and (3) payment was refused by the drawee bank. RSA 638:4, I, IV(b). The culpable mental state that the State is required to prove is that the defendant "passed the check knowing or believing that the check would not be paid by the drawee [bank]." RSA 638:4, IV(b). The State need not prove that the defendant *never* intended to pay the amount owed. *See id.* Accordingly, the jury's question on this issue was properly answered in the negative. The court's response "was unambiguous, legally correct and, in light of

the clarity and specificity of the jury's question, entirely appropriate." *Seymour*, 140 N.H. at 746, 673 A.2d at 794 (quotation omitted).

*Affirmed.*

THAYER, J., did not participate; the others concurred.