Merrimack County Probate Court
No. 95-561

### IN RE GUARDIANSHIP OF JOSHUA R. SIMARD

December 30, 1996

*Ansell Professional Association*, of Bedford (*Ruth Ansell* and *Pamela J. Newkirk* on the brief, and *Ms. Ansell* orally), for the guardian.

*Geiger & Heiser, P.C.*, of Penacook (*Richard W. Heiser* on the brief and orally), as guardian ad litem for the minor.

HORTON, J. The guardian of the estate of a minor appeals an order of the Merrimack County Probate Court (*Hampe*, J.) appointing co-guardians, disapproving a proposed settlement that directs payment of the settlement funds to an irrevocable trust which extends beyond the minor's eighteenth birthday, and ordering the co-guardians to post a $1,500,000 corporate fiduciary bond. We vacate the probate court's order on payment of the settlement funds but affirm the bond requirement.

Joshua R. Simard, a minor, brought a tort action in superior court for injuries allegedly received at birth. After a jury trial, judgment was entered for Joshua in the amount of $2,750,000, and the defendants filed an appeal. Thereafter, the parties agreed to a proposed settlement under which Joshua would recover $2,525,000. Following the deduction of attorney's fees and expenses, it is estimated that Joshua would receive approximately $1,650,000 from the settlement.

As required by RSA 464-A:42 (Supp. 1996) (version effective until Jan. 1, 1997), Joshua's parents filed a petition in the probate court to approve their guardianship of Joshua's estate. They attached a copy of the petition for approval of the settlement on behalf of a minor that they intended to file in the superior court. The proposed settlement provides for the settlement proceeds to be paid directly to an irrevocable trust, the trustees of which would administer and invest the funds for Joshua's benefit. The proposed trustees were Joshua's father, since deceased, his mother, and State Street Bank and Trust Company of New Hampshire. According to the proposal, Joshua could request one-third of the trust principal when he reaches twenty-five years of age and withdraw the entire remaining trust principal when he attains age thirty.

Following a hearing in May 1995, the probate court issued an order appointing Joshua's parents as guardians of his estate, but specifically disapproving of the establishment of an irrevocable trust that extends beyond Joshua's eighteenth birthday. The court ordered the guardians not to agree to such a trust nor to place the settlement funds in such a trust or any irrevocable trust without approval of the probate court. In addition, the court ordered the guardians to file a $1.5 million corporate surety bond, providing that they may petition to lower the amount of the bond if the funds are placed in a restrictive account.

Joshua's mother, now the sole guardian, contends that the probate court does not possess subject matter jurisdiction over the form of

a settlement on behalf of a minor and cannot order her to refrain from paying the settlement proceeds into an irrevocable trust that will continue in existence after Joshua reaches the age of majority. We agree.

The approval of substantial money settlements on behalf of minors involves the interaction of several statutory provisions, *see, e.g.*, RSA 464-A:42 (Supp. 1996) (version effective until Jan. 1, 1997); RSA 464-A:26 (1992 & Supp. 1996); RSA 547:3, I (Supp. 1996), and implicates the jurisdictional boundaries of the superior court and the probate court. "In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *Welch v. Director, N.H. Div. of Motor Vehicles*, 140 N.H. 6, 8, 662 A.2d 292, 293 (1995) (quotation omitted). We will examine the relevant statutes "not in isolation, but in the context of the overall statutory scheme." *Roberts v. General Motors Corp.*, 140 N.H. 723, 726, 673 A.2d 779, 782 (1996).

■ We first observe that RSA 464-A:42 expressly commits approval of all settlements on behalf of a minor in excess of $10,000 to the jurisdiction of the superior or district courts, rather than the probate court. RSA 464-A:42 (Supp. 1996) (version effective until Jan. 1, 1997). The statute also states that before the superior or district court can grant a petition approving a net settlement in excess of $10,000, it

> shall require proof in the form of a certified statement from the probate court that the guardian ad litem, parent, next friend, or other person who receives money on behalf of the minor whether through settlement, judgment, decree or other order, has been appointed guardian of the estate of such minor and is subject to the duties prescribed under RSA 464-A:26.

This provision incorporates the probate court's exclusive authority to appoint a guardian to receive a settlement on behalf of a minor and to manage the minor's estate. *See* RSA 547:3, I(e) (Supp. 1996); *see also Ellsworth v. Heath*, 140 N.H. 833, 835, 678 A.2d 138, 139 (1996); *Leclerc v. Leclerc*, 85 N.H. 121, 124, 155 A. 249, 251 (1931). It also subjects any proposed settlement to the provisions of statutory guardianship and the powers of the probate court thereunder. *See* RSA 464-A:26, :42 (Supp. 1996) (version effective until Jan. 1, 1997). It does not, however, confer independent authority on the probate court to disapprove of the form of the proposed settlement. *See* RSA 464-A:42 (Supp. 1996) (version effective until

Jan. 1, 1997). Although "[a] copy of the petition, or *proposed* petition, to the superior court or district court seeking approval of the settlement . . . shall be appended to the petition for guardian," PROCEDURE IN THE PROBATE COURTS FOR GUARDIANSHIPS OF MINORS NECESSITATED BY RSA 464-A:42 (effective Jan. 19, 1994), *reprinted in* 2 N.H. COURT RULES ANNOT. (Michie 1996), this procedural prerequisite does not vest concurrent jurisdiction over the form of the settlement in the probate court.

We conclude that RSA 464-A:42 vests sole jurisdiction over approval of the form of a substantial settlement on behalf of a minor in the superior or district courts. The form of settlement approved must accommodate all the burdens of guardianship under RSA 464-A:26 and be subject to the authority of the probate court thereunder during the minority of the ward. *See* RSA 464-A:26; :42 (Supp. 1996) (version effective until Jan. 1, 1997); RSA 547:3, I(e). The superior or district court approving the proposed settlement must ensure that none of the burdens imposed under guardianship and none of the powers granted to the probate court under guardianship are abridged by the settlement during the minority of the ward. The superior court may therefore approve an irrevocable trust that incorporates the burdens of statutory guardianship and is made expressly subject to the provisions of RSA 464-A:26 and the authority of the probate court thereunder during the minority of the beneficiary.

■ The superior court has the authority to "approve a minor's settlement which provides for the payment of settlement proceeds after the minor attains the age of majority." RSA 464-A:42 (Supp. 1996) (version effective until Jan. 1, 1997). For example, we have explicitly acknowledged the validity of minor settlements in the form of structured settlements "wherein payments are made on a periodic basis." SUPER. CT. R. 111(L). Such settlements may be funded by other than an annuity if guardianship over the estate of the minor and probate administration of the settlement are secured. SUPER. CT. R. 111(L)(2)(h). Because a properly structured irrevocable trust meets these requirements and is sufficiently analogous to a structured settlement, we conclude that the superior court may approve a settlement directing payment of the settlement proceeds after the minor attains majority.

■ Initially, a guardianship over the estate of the minor is established, and guardians are appointed, by the probate court. *See* RSA 547:3, I(e); *see also* RSA 463:5 (Supp. 1996). The guardianship and the court's authority end pursuant to RSA 463:15. *See* RSA 463:15 (Supp. 1996). Under an approved settlement incorporating an

*inter vivos* trust as the settlement trust document, the probate court retains exclusive jurisdiction over "the interpretation, construction, modification, and termination" of the *inter vivos* trust and "[t]he appointment, removal, surcharge and administration of trustees." RSA 547:3, I(c), (d) (Supp. 1996); *see* 7 C. DEGRANDPRE, NEW HAMPSHIRE PRACTICE, WILLS, TRUSTS AND GIFTS § 23.03, at 20 (Supp. 1995). If authorized by the settlement trust document, the probate court can continue to supervise the administration of the trust in the ordinary course. The probate court does not possess jurisdiction over a trust "created by the judgment or decree of a court," RSA 564-A:1, I (1974); *see also* RSA 547:3, I(c), but an irrevocable trust such as that proposed in the instant case is not created by judgment or decree of the superior court. *Cf. Stebbins v. Stebbins*, 121 N.H. 1060, 1061-62, 438 A.2d 295, 297 (1981) (establishing trust funds under terms of divorce decree). Instead, the trust proposed here must merely be "approved" as a manner of settlement by the superior court. *See* RSA 464-A:42 (Supp. 1996) (version effective until Jan. 1, 1997). Therefore, when the guardianship terminates under RSA 463:15, the trust may continue under such provisions as the superior court has approved pursuant to RSA 464-A:42. The probate court may retain jurisdiction to supervise the trustees and to interpret and administer the terms of the trust as approved. RSA 547:3, I(c), (d). Harmoniously construing the statutes in this manner effectuates the fundamental purposes of providing a method by which the settlement of a minor's claim will be fair when made and ensuring the proceeds will be preserved and properly applied for the benefit of the minor thereafter. *See Cnaeps v. Brown*, 101 N.H. 116, 117, 135 A.2d 721, 723 (1957) (decided under prior law).

We note that the legislature recently has amended several of the statutory provisions referenced in this opinion to be effective in January 1997. These amendments do not alter our analysis. In particular, we observe that RSA 464-A:42 will make superior or district court approval of a settlement on behalf of a minor conditional upon appointment of a guardian of the estate subject to the duties prescribed under RSA 463:19, which is substantially similar to RSA 464-A:26. *See* RSA 464-A:42 (Supp. 1996) (version effective Jan. 1, 1997); RSA 464-A:26; RSA 463:19 (Supp. 1996).

The guardian also appeals the probate court's order directing the guardians to post a $1.5 million corporate surety bond. We affirm the bond requirement.

In the context of settlements on behalf of a minor, the probate court must consider the form or sufficiency of a bond when

presented with a petition for appointment of a guardian. PROCEDURE IN THE PROBATE COURTS FOR GUARDIANSHIPS OF MINORS NECESSITATED BY RSA 464-A:42, *supra*. We have enumerated several factors for the court to consider in setting the bond. *Id.* "After giving the consideration required, the court, in its discretion, shall impose such bond requirements as attendant circumstances warrant." *Id.*

█ Because the probate court's decision regarding the amount of the bond is a discretionary one, we review it for abuse of that discretion. *See* RSA 464-A:21 (Supp. 1996); *see also* RSA 463:27 (Supp. 1996). If the proposed settlement is approved, the trust will receive over $1.6 million in settlement funds to be invested and managed for Joshua's benefit by his mother and State Street Bank and Trust. A corporate surety bond in the amount of $1.5 million, less than the total amount of the settlement, hardly appears excessive. Expected returns on trust investments may substantially increase the value of the trust in the future and the surety bond will ultimately represent a considerably smaller portion of the total trust assets. We therefore find the probate court did not abuse its discretion in requiring the guardian to post a $1.5 million corporate surety bond. If the guardian wishes to petition to lower the amount of the bond, she may place the funds in a restrictive account as provided in the order of the probate court.

*Affirmed in part; vacated in part.*

All concurred.