Grafton
No. 2002-030

THE STATE OF NEW HAMPSHIRE

v.

JERRY LEE RAMOS

Argued: January 8, 2003
Opinion Issued: March 17, 2003

*Philip T. McLaughlin*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein*, deputy chief appellate defender, of Concord, by brief and orally, for the defendant.

NADEAU, J. The defendant, Jerry Lee Ramos, appeals his convictions for burglary, *see* RSA 635:1 (1996), and aggravated felonious sexual assault through concealment or the element of surprise, *see* RSA 632-A:2, I(i) (Supp. 2002), following a jury trial in the Superior Court (*Smith*, J.). On appeal, he argues the trial court erred when it refused to give the jury an instruction on his theory of defense, which was consent. We affirm.

The jury was presented with the following testimony at trial. In June 1999, the defendant and the victim lived in neighboring apartment buildings in Lebanon. The victim was a single mother, who, at the time of the assault, was taking medication for a sleeping disorder.

According to the victim's account of events, around midnight on June 2, 1999, after putting her children to bed and doing some household chores, she went outside her apartment to sit on the front steps and have a cigarette. While the victim was smoking, the defendant walked by, called her "gorgeous" or "beautiful" and asked her "[w]hat [she] was doing out so late." The victim, having had uncomfortable interactions with the defendant in the past, immediately went back inside her building. Once inside, she shut the doors to her apartment, turned out the lights and went to bed.

Because the night was hot and there was a window fan in the victim's bedroom, her children were already sleeping in her bed. She explained that she had taken a sleeping pill, may have had a drink, and had gone to sleep in the bedroom with her children. She awoke to find a man lying on top of her and penetrating her vagina as he engaged in sexual intercourse. After the assault the man left the apartment, but the victim chose not to call the police because she did not want to alarm the children and her neighbors. She notified the police the following day, when her friend and a person at a women's crisis center encouraged her to do so.

According to the defendant's account of events, when he spoke with the victim outside her apartment, she invited him inside for a smoke. Once inside, the defendant and the victim smoked marijuana together, and the victim invited him into her bedroom where they engaged in consensual sexual intercourse. The defendant said that, when the police asked him about the alleged assault, he denied the encounter because he did not want his wife to learn of his infidelity.

Prior to trial, the defendant gave the State notice of his consent defense and, at the close of the evidence at trial, he requested a jury instruction on consent. The trial court denied the request, ruling that the variant of aggravated felonious sexual assault under which the defendant was charged, penetrating the victim through concealment or the element of surprise, negated the need for a consent instruction.

The trial court reasoned that for the jury to find that penetration occurred only through the defendant's concealment or by surprise, it necessarily would have to find the victim did not consent to such penetration. This is because, if the jury found penetration occurred in any other manner, it would have to find the defendant not guilty of the variant charged. Similarly, the burglary offense was contingent upon this specific variant of aggravated felonious sexual assault through concealment or by surprise. The trial court, therefore, instructed the jury on the elements of both burglary and aggravated felonious sexual assault through concealment or surprise, and the jury returned guilty verdicts on each charge. This appeal followed.

The defendant contends the trial court's failure to instruct the jury on his consent defense is reversible error because he offered evidence to support that defense by his own testimony at trial. The defendant is correct that consent is a theory of defense under our Criminal Code, *see* RSA 626:6 (1996), and that a requested jury instruction on a defendant's theory of defense must be given if it is supported by some evidence, *see* *State v. Aubert*, 120 N.H. 634, 635 (1980). It appears in this case, however, that the defendant has mistakenly characterized his theory of the case as a theory of defense. *See, e.g., State v. Bruneau*, 131 N.H. 104, 117-18 (1988).

To use consent as a theory of defense, the defendant had to present evidence admitting the substance of the allegations against him, but pointing to facts which otherwise excused, exonerated or justified his actions, precluding criminal liability. *See id.* at 117. In other words, the defendant had to present evidence showing a different legal significance for the facts alleged against him, in order to use consent as his theory of defense. *See id.* at 118. In contrast, to have presented consent as his theory of the case, the defendant only had to present evidence of a different factual scenario than that presented by the State, and then argue how the facts and evidence should be evaluated or interpreted by the jury. *See id.* This is what happened here.

The defendant's consent theory admitted to sexually penetrating the victim. However, it addressed no other substantive facts alleged in the indictment. In fact, the defendant's consent theory specifically denied the element of penetration caused by his concealment or surprise by arguing he was invited into the home to engage in consensual sex. This theory presented an entirely different factual scenario for the jury to evaluate and turned the trial into a credibility contest between the defendant and the victim, which is not a legal defense to any charge. *See State v. Guaraldi*, 124 N.H. 93, 97 (1983).

The trial court may give an instruction on a defendant's theory of the case whenever it is necessary to assist the jury in resolving the legal issues in a case and reaching a verdict. *See Bruneau*, 131 N.H. at 118. Whether an instruction is necessary in a particular case, however, is an issue reserved to the trial court's sound discretion. *See State v. Seymour*, 140 N.H. 736, 744, *cert. denied*, 519 U.S. 853 (1996). On appeal, we review the trial court's jury charge in its entirety to determine if it fairly covers the issues and law in a case. *See State v. Jackson*, 141 N.H. 152, 154 (1996). We will only reverse a jury verdict for a trial court's failure to charge a particular instruction if that failure was an unsustainable exercise of discretion. *See id.; see also State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

Assuming without deciding that the defendant was entitled to a jury instruction on consent, we find the trial court's decision not to give the defendant's requested instruction on that theory was sustainable. The trial court charged the jury on the elements of aggravated felonious sexual assault by concealment or surprise by instructing:

> The defendant is charged with aggravated felonious sexual assault. The definition of aggravated felonious sexual assault has three parts. The State must prove each part of this definition beyond a reasonable doubt. Thus, the State must prove: One, that the defendant acted knowingly; two, that the defendant had sexual penetration with another person. Sexual penetration means any intrusion, however slight, by any part of the defendant's body or any object used by the defendant into the genital opening of the victim's body. And, three, that the defendant, through concealment or by the element of surprise, was able to cause sexual penetration with the other person before that person had the adequate chance to flee or resist.

The defendant's requested instruction, which the trial court denied, included the following language:

> To prove lack of consent, the State must show that the victim resisted to the extent of her ability under the circumstances at the time. The victim is not required to risk serious personal injury that may be threatened or she may fear. An attempt to escape, an outcry or an attempt to resist would be evidence that the victim did not consent. The resistance must show a lack of consent. Resistance by mere words is not enough. Resistance must be by acts. However, the victim is not required to resist to the utmost of her physical strength if she reasonably believes that resistance would result in serious personal injury.

As an initial matter, this portion of the defendant's requested consent instruction does not correctly state the law and was properly excluded by the trial court. *See Jackson*, 141 N.H. at 154-55; *see also State v. Ayer*, 136 N.H. 191, 195 (1992). Indeed, our cases have expressly disapproved of similar blanket language relating to physical resistance. *See, e.g., Jackson*, 141 N.H. at 154. The question is only "whether a reasonable person in the circumstances would have understood that the victim did not consent." *Id.* (quotation omitted). The instruction is also misleading because there are circumstances, as in this case, where a victim makes no attempt at physical or verbal resistance, but the victim clearly does not consent to the assault. *See id.*

In contrast, viewing the trial court's entire charge to the jury, we find the trial court properly instructed the jurors on the elements of the offense charged. *See* RSA 632-A:2, I (i).

Finally, the trial court's failure to give the instruction was not reversible error because it caused no prejudice to the defendant. As the trial court correctly realized, if the jury found the State proved all elements of the charged variant of aggravated felonious sexual assault, it would have to find the victim did not consent. Likewise, if the jury found the State did not prove the element of concealment or surprise, the jury would be required to acquit the defendant.

*Affirmed.*

BROCK, C.J., and BRODERICK, DALIANIS and DUGGAN, JJ., concurred.